## CLARK *v.* BOYREAU *et al.*

WHERE a defendant, in ejectment brought upon a Sheriff's deed executed upon a purchase made on a sale under a decree of foreclosure, was also a party to the foreclosure suit, he is concluded by the decree from setting up a title which was in that suit adjudicated against him.

The damages which a plaintiff can recover in an action of ejectment for the use and occupation of the premises, are such as arise subsequent to the accruing of his right of possession; and, when his right depends upon a Sheriff's deed, he cannot recover, in this form of action, for the use and occupation for the six months intervening the sale and the execution of the deed.

After a judgment has been rendered by the Supreme Court, a material modification of such judgment should not be made upon a petition for rehearing—the rehearing should first be granted.

APPEAL from the Twelfth District.

The facts sufficiently appear in the opinion of the Court.

*Saunders & Hepburn*, for Appellants.

*Henry Wilkins* and *Chas. H. S. Williams*, of Counsel.

*Campbell & Pratt* and *Hoge & Wilson*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

This is an action to recover the possession of certain premises, situated within the city and county of San Francisco, and arises upon the following facts: In 1853, the plaintiff conveyed the premises to Baker, for the consideration of one hundred and twenty thousand dollars, and received from him, at the time, a mortgage as security for the purchase money. The conveyance and mortgage were executed simultaneously. Both were of the premises in fee, but without covenants of warranty. Upon the foreclosure of the mortgage, the plaintiff became the purchaser, and received the Sheriff's deed.

To resist a recovery, the defendants offered to prove an older and better title by grant from the government of Mexico, before the cession of the country to the United States, and to follow such proof by deraignment of title from the grantees to Boyreau, passing through Baker, after the execution of the mortgage under which the plaintiff claims. The Court excluded the evidence as immaterial, and the defendants excepted.

It was admitted that Clark was in the occupation of the premises at the time he executed the conveyance to Baker, and that the latter entered under the conveyance, and was in the possession when he acquired the older title. The plaintiff had judgment, and the defendants appeal.

The Respondent relies for the affirmance of the judgment upon several grounds, but it is unnecessary to refer to only one of them—that which relates to the operation of the deed of mortgage upon the older and outstanding title, subsequently acquired by the mortgagor. In the case of *Clark* v. *Baker et al.* decided at the present term, we had occasion to consider the effect of this mortgage upon the after-acquired interest. We there held that it was immaterial whether the mortgage was regarded as a conveyance of a conditional estate, as at common law, or as creating a mere lien or incumbrance, as by the law of this State, that though by our law the title does not pass, yet the lien created operates upon the property in a way precisely

equivalent to that which would follow, if the instrument transferred the legal title; that, whatever in the instrument, treating it as a conveyance, would operate to transfer a subsequently acquired title to the grantee, must equally operate, treating the instrument as a lien or incumbrance, to subject such acquired interest to the purposes of the original security; that the mortgage, regarded as a simple conveyance, only passed, by the doctrine of the common law, as established and recognized in England and the United States, the estate which the mortgagor possessed at the time, and did not operate, by way of estoppel—in the absence of covenants of warranty, or recitals, or other circumstances, indicating an intention to pass any greater estate—upon the title subsequently acquired; but that by the 33d Section of the Act concerning conveyances of this State, the doctrine of the common law was changed, and an operation given to deeds under the Statute of Uses, upon the after-acquired interest, equivalent to the most expressive covenant of warranty; that the section applied to mortgages equally as to conveyances absolute in their form; and that, by its provisions, the mortgage of Baker, being of the premises in fee, operated upon the outstanding title afterwards acquired as effectually as if it had been originally possessed by him. In that case we also held that the mortgagor was under obligation, from the nature of the mortgage contract, to preserve the property pledged for the purposes of the original security; and, hence, on grounds of public policy, to insure good faith and fair dealing, he was estopped, independent of any covenants of warranty, from denying the existence of the lien which he had attempted to create, or defeating its enforcement against the property upon which it was placed—and those claiming under the mortgagor were equally estopped. The estoppel operated upon the subsequently-acquired title, and bound parties and privies. That case disposes of the several positions urged for a reversal of the judgment in the present case. The rights of the defendant Boyreau—and the other defendants claim under him—were concluded by the decree in the equity suit, to which he was a party.

Judgment affirmed.

Clark *v.* Boyreau.

On petition for rehearing, FIELD, C. J. delivered the opinion of the Court—COPE, J. concurring.

The defendants, in their petition for a rehearing, have called our attention to a point made by them, which was overlooked by us, in relation to the damages recovered for the rents and profits of the premises for the period intervening between the date of the sale, under the decree of foreclosure, and the execution of the Sheriff's deed—the six months allowed by law for redemption. For such rents and profits the jury found the sum of five thousand and four hundred dollars, and this amount entered into the judgment. It is unnecessary to express any opinion whether the plaintiff may or may not be entitled to recover, in some other form of action, for the use and occupation of the premises during the period mentioned; it is clear that he cannot do so in the present action of ejectment. His right to recover the possession of the premises dates only from the execution of the Sheriff's deed; and a claim for damages for the use and occupation, or in other words, for the mesne profits, in this action, can only arise from the detention of the premises subsequent to the accruing of that right. Damages can never be recovered in the action of ejectment for use and occupation anterior to the existence of the plaintiff's right of possession. If the plaintiff is entitled to the rents and profits claimed, he must assert his right in a distinct proceeding, based upon the provisions of the statute. (See *Yount* v. *Howell, ante,* 465.)

The judgment of the Court below must, therefore, be reversed, and the cause remanded for a new trial, unless the Respondent elect, within ten days, to remit the said sum of five thousand and four hundred dollars, in which event the judgment will be affirmed. The *remittitur* may be without prejudice to any right the Respondent may possess to assert, in any other form, a claim for the rents and profits during the period designated. The cost of the appeal will be charged to the Respondent.

Subsequently, the last order was rescinded, and argument was allowed on the question of damages.

After argument, the opinion of the Court was delivered by FIELD, C. J.—COPE, J. concurring.

This was an action of ejectment to recover the possession of

certain premises situated within the city of San Francisco—the plaintiff claiming as purchaser at a sale under a decree of foreclosure of a mortgage thereon. The plaintiff recovered judgment for the premises, and damages for their detention from the execution of the Sheriff's deed, and also for the monthly rents of the six months intervening between its date, and the sale under the decree—the time allowed by law for redemption. On appeal, the judgment was affirmed by this Court. Afterward on a petition for rehearing, the Court ordered a reversal and a new trial, unless the Respondent should elect to remit the amount of the damages for the period between the sale and the execution of the Sheriff's deed. Upon the application of the Respondent, the last order was rescinded, and the question as to the right of the plaintiff to recover for the intermediate rents and profits allowed to be argued. We readily rescinded the order, as the proper course upon the first petition was to direct a rehearing, and not so material a modification as was made.

The statute provides that the purchaser from the time of the sale, shall be entitled to recover from the tenants in possession, the rents of the property sold, or the value of the use and occupation. This right of the purchaser does not depend upon the consummation of the sale by a conveyance, whereas the right to the premises arises from the conveyance, and dates from its execution. The claim for the rents and profits, or the use and occupation anterior to the conveyance, and subsequent to the sale, rests solely upon the statute, and can properly be asserted only in a distinct action; but the claim for the rents, or use and occupation, subsequent to the conveyance, exists independent of the statute, from the detention of the premises from the owner. The statute allows the latter claim to be united in the action for the recovery of the premises, but does not create it.

We do not understand the counsel of the Respondent as questioning the correctness of this view of the law, but as insisting that the claim for the rents previous, as well as those subsequent to the conveyance, is embraced in the complaint, and that the objection to their recovery in the same action, should have been taken by demurrer, and not having been thus taken, is waived. The improper union of several causes of action, it is true, can only be taken advantage of by demurrer; and if the claim for

the anterior rents had been asserted as a distinct cause of action, the omission to demur, would have answered the objection. But the complaint does not state any such cause of action; it contains three counts, only the first of which makes any reference to the rents and profits anterior to the conveyance.    This count sets forth that, on the 9th of August, 1853, one Baker executed to the plaintiff a mortgage upon certain real estate, situated within the city of San Francisco, being the property in controversy; that the mortgage was executed to secure the purchase money of the premises; that, in December, 1856, in a suit brought to foreclose the mortgage, a decree was rendered, ordering a sale of the premises to satisfy the amount adjudged due as principal and interest on the mortgage; that in pursuance of the decree, the premises were sold on the 19th of January, 1857, to the plaintiff, and the period of six months having expired without any redemption being made, the Sheriff executed a conveyance to him; that at the time of the purchase, the defendants were in the possession, use, and occupation, of the premises, and in the enjoyment of the rents and profits, and have been ever since; that the value of such rents, and profits, and use, and occupation, has been, during all this period, one thousand five hundred dollars a month; that, on receiving the conveyance, the plaintiff became entitled to demand and receive from the defendants, the possession of the premises " with the said monthly value of the said rents and profits;" that afterwards, on the 21st of July, the plaintiff demanded a surrender of possession of the premises and payment of the monthly value of the rents and profits; that the defendants refused to make the surrender or payment, and have ever since unlawfully detained, and still detain, the premises, to the damage of the plaintiff of fifteen thousand dollars.    Then follows an allegation that the defendants, the Dunns, entered upon the premises under the defendant, Boyreau, and a prayer for the judgment.

It is evident from the statement of this count of the complaint that the allegations as to the possession by the defendants from the sale under the decree and the value of the monthly rents, are made by way of inducement to the material allegations respecting the execution of the deed, and the consequent right of the plaintiff afterwards—or, in the language of the complaint, *on*

*receiving the conveyance,* to the premises, and the rents and profits. They are in the nature of a preamble or recital, setting forth the circumstances under which the right of the plaintiff accrued, and no demurrer would lie for their insertion in the complaint. The right, as we construe the language of the complaint, is not asserted to the total amount of rents and profits subsequent to the sale, but only to the rents and profits subsequent to the conveyance according to a certain monthly rate; and even were it otherwise, the count would not have been demurrable. It would have been sufficient if all the allegations of previous possession and receipt of rents had been omitted. Indeed, the complaint would have been more simple, and more in conformity with our notions of good pleading, if instead of setting forth the sources of the plaintiff's title, it had only averred the seizin of the plaintiff at the date of his deed.

The judgment must be reversed and the cause remanded for a new trial, unless the Respondent elect within ten days to remit the sum of five thousand and four hundred dollars, in which event the judgment will be affirmed. The costs of the appeal will be charged to the Respondent.