JOHNSON ET AL. *v.* JORDAN ET AL.

[No. 9,211.  Filed March 28, 1917.  Rehearing denied June 27, 1917.
Transfer denied December 7, 1917.]

1. EVIDENCE.—*Secondary Evidence.—Admissibility.—Question for Court.*—Whether the proof of the loss of a written instrument is sufficient to warrant the admission of secondary evidence is a question for the court.  p. 112.

2. EVIDENCE.—*Secondary Evidence.—Copy of Written Contract.—Admissibility.—Loss of Original.—Proof.—Sufficiency.*—In an action based on a written contract for the conveyance of real estate, proof that the contract was left with plaintiff's attorney who subsequently died, and that a thorough search of his office and personal effects failed to locate it, was sufficient to render a copy admissible in evidence, especially as the execution of the original was not denied.  p. 112.

3. PLEADING.—*Action on Written Contract.—Loss of Contract.—Admitting Copy.—Necessity of Amending Complaint.*—Where a written contract which was the foundation of an action was lost after the filing of the complaint, no amendment of the complaint was required to render secondary evidence of the contents of the contract admissible.  p. 113.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by Samuel A. Jordan and others against Mary Louise Johnson and others.  From a judgment for plaintiffs, the defendants appeal.  *Affirmed.*

*Harvey Harmon, Samuel M. Emison* and *James M. House,* for appellants.

*John Downey, LeRoy M. Wade* and *A. J. Padgett,* for appellees.

DAUSMAN, J.—This action was instituted by appellee Samuel A. Jordan and one Aaron G. Jordan against appellants Mary Louise Johnson and her husband, Clark Johnson, and James D. Sisson and his wife, Olive Sisson, for the specific performance of a contract for the sale and conveyance of real

estate. Appellant James D. Sisson filed his cross-complaint for damages. Each of said pleadings was answered by general denial. The issue as to the complaint was tried by the court and the issue as to the cross-complaint was tried by jury. Finding for appellees on the complaint, and verdict for them on the cross-complaint. Decree for specific performance, and judgment against appellants for costs.

This case is here for the second time. *Jordan* v. *Johnson* (1911), 50 Ind. App. 213, 98 N. E. 143.

Appellants' brief presents but one point for our consideration. It developed at the trial that the original contract which was the foundation of the action had been lost. Arthur Cobb testified that he wrote the original contract; that he also made the copy which was filed with the complaint; and that said copy is a true, correct and complete copy of the original. It was further shown by undisputed testimony that the original instrument was left in the custody of the late George W. Shaw, formerly judge of the Knox Circuit Court; that Judge Shaw had been acting as counsel for appellees; and that he had the instrument in his possession at the time he drew the complaint. Mr. Downey testified that he was Judge Shaw's partner from January 1, 1911, to the time of his death; that the judge died near the end of March, 1911; that the judge was a sickly man and stayed at home a considerable part of the time; that the last four weeks before his death he was at home practically all the time; that he (Downey) had made a search for the instrument; that he searched the iron safe of Cullop and Shaw, the desk used by Mr. Cullop, every apartment of the office, the drawers of all desks and bookcases, and every place where Judge Shaw kept court files and papers; that he

opened the jackets, examined the papers, and went through everything carefully; that the safe and desk were in the condition Judge Shaw left them when he died; that no one other than Mr. Cullop had access to the safe; that he did not know whether Judge Shaw kept papers at his house; that he asked Judge Shaw's wife and also Mr. Cullop about the contract but was unable to get any clew; that he was not employed in this case until after the death of Judge Shaw; that he was very anxious to find the paper; that he had searched for it a number of times and that he was unable to find it. The copy of the contract which had been filed with the complaint was then offered in evidence. To the introduction of this copy appellants objected on the following grounds: (1) That no sufficient showing has been made that the instrument is lost; and (2) that the cause of action is based on a written instrument which was in existence at the time of the filing of the complaint and proof of the subsequent loss of the instrument will not justify the admission of secondary evidence of its contents without a subsequent pleading setting up the loss of the instrument and thereby informing the defendants of the issue to be met. The court overruled this objection and permitted the copy of the instrument to be read in evidence. We shall consider the grounds of this objection in their order.

(1) Whether the proof of the loss of the instrument was sufficient to justify the admission of secondary evidence was a question for the court.

1. 25 Cyc 1628. In this case there were no suspicious circumstances. The instrument is nonnegotiable. Its execution was not denied.

2. The Johnsons were in court and did not question the correctness of the copy. Under these

circumstances the court was amply justified in concluding from the evidence presented that the instrument was lost and could not be produced by the appellees. *Johnston Harvester Co.* v. *Bartley* (1884), 94 Ind. 131; 1 Elliott, General Practice §405.

(2) Where a written instrument which is the foundation of an action is lost after the filing of the complaint, the issue tendered by the complaint is not thereby changed. Consequently, no amendment of the complaint is required in order that secondary evidence of the contents of the instrument may be admitted. *Shirts* v. *Irons* (1874), 47 Ind. 445.

The appellants were not in any manner disadvantaged by the overruling of their objection. Judgment affirmed.

NOTE.—Reported in 115 N. E. 600.