## JORDAN v. SISSON ET AL.

[No. 11,768. Filed January 11, 1924. Rehearing denied May 20, 1924. Transfer denied November 12, 1924.]

1. JUDGMENT.—*Former adjudication presumed to have litigated all things provable under issues.*—The rule that every question which might have been decided or litigated in a cause will be presumed to have been decided, means that every question which was within the issues and which, under the issues, might have been proved, will be presumed to have been proved and adjudicated. p. 131.

2. JUDGMENT.—*Damages covered by appeal bond not within the issues of ejectment for tortious holding, and not res judicata.*— After judgment decreeing specific performance of a contract to convey real estate, defendants appealed, giving appeal bond as security against loss of rents and profits. After affirmance of the appeal, and deed made by a commissioner, defendants still refused possession. Plaintiff in ejectment proceedings for the unlawful holding was awarded possession and damages covering the rentals from the date of the commissioner's deed. Plaintiff subsequently brought action on the original appeal bond for loss of rents and profits during the period covered by such bond, to which defendants pleaded former adjudication. *Held*, that the damages sought in the ejectment proceedings was for a tortious detention after legal title had vested by the commissioner's deed, and the question of damages under the appeal bond was not within the issues and could not have been adjudicated. p. 131.

From Daviess Circuit Court; *Milton S. Hastings,* Judge.

Action by Samuel A. Jordan against James D. Sisson and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*A. J. Padgett* and *A. A. Clark,* for appellant.

*Ewing R. Emison, William H. Hoover* and *John Rabb Emison,* for appellees.

REMY, C. J.—On February 10, 1909, Mary Louise Johnson and husband entered into a written contract with appellant Samuel A. Jordan and one Aaron G. Jordan, by the terms of which the Johnsons sold and agreed to convey to the Jordans a certain farm. The consideration was $3,600, ten dollars of which was paid

at the time the contract was executed, the remainder to be paid upon the delivery of deed and abstract. On February 12, 1909, the Johnsons repudiated the contract and sold and conveyed the real estate to James D. Sisson who, on the same day, reconveyed two acres thereof to Mary Louise Johnson. At the time of these conveyances, Sisson was fully advised as to the previous sale to the Jordans. The Jordans then commenced a suit against the Johnsons for specific performance of their contract, making Sisson and his wife parties defendant. A demurrer to the complaint having been sustained, the Jordans refused to plead further, and, judgment having been rendered against them, they appealed to the Appellate Court, which court reversed the judgment. See *Jordan* v. *Johnson* (1912), 50 Ind. App. 213, 98 N. E. 143. On August 5, 1914, a second trial resulted in a decree for the Jordans, that they have specific performance of the contract, the decree providing that the Johnsons and Sisson and his wife should execute deeds of conveyance within thirty days. From this judgment, the Johnsons and Sissons prayed an appeal, and, that they might remain in possession of the real estate pending appeal, executed a supersedeas bond for $2,000, conditioned as provided by §679 Burns 1914, §638 R. S. 1881, that they would well and truly prosecute the appeal, abide the judgment of the court, pay all costs adjudged against them, and all damages sustained by the Jordans for the profits, waste or damages to the land pending appeal. The judgment was affirmed (*Johnson* v. *Jordan* [1917], 66 Ind. App. 110, 115 N. E. 600), and when the opinion of the Appellate Court was certified to the trial court, the judgment defendants refused to comply with the order to convey the land to the Jordans, and on December 15, 1917, the conveyance was duly made by commis-

sioner. After the title had been vested in the Jordans through the commissioner's deed, the Johnsons and Sissons still refused to yield possession, whereupon appellant Samuel A. Jordan, to whom for a valuable consideration had been conveyed and assigned all interest in the land and all rights under the appeal bond which originally belonged to Aaron G. Jordan, commenced an action in ejectment against the Johnsons and Sissons charging in his complaint that "the defendants unlawfully keep plaintiff out of possession" of the real estate "to his damage in the sum of $1,000." On January 29, 1919, a trial of the action in ejectment resulted in a judgment in favor of appellant for possession, and for damages in the sum of $175, which was the rental value of the real estate for the thirteen months which elapsed from the time of the conveyance by commissioner's deed to the date of the trial. Following this judgment, the defendants yielded possession and paid in full the damages assessed. On February 5, 1919, appellant commenced an action on the appeal bond given by the Johnsons and Sissons when they appealed from the judgment ordering specific performance, the principals and sureties, appellees herein, being made parties defendant. The complaint was for the recovery of the profits of the real estate pending appeal. To the complaint there was an answer in denial and plea of former adjudication. The cause, having been put at issue by reply in denial to the special plea, was submitted to the court for trial on a statement of the facts stipulated by the parties. The statement, in addition to the facts herein above set forth, included the fact that the rental value of the real estate pending the appeal was $550, which was about $13.50 per acre. Trial resulted in a judgment for the defendants, and Samuel A. Jordan appeals.

The appeal presents but one question: Was the is-

sue tendered by appellant in his action on the appeal
bond adjudicated in the former action in ejectment?
It is not contended by appellees that the profits of the
real estate for the period covered by the appeal bond,
which according to the stipulated facts is $550, or that
any part thereof, was recovered in the action in eject-
ment; nor is it contended that the rental value of the
real estate for that period was actually put in issue and
litigated in the ejectment proceeding. The contention
is that the profits of the real estate pending the appeal
might have been litigated and determined, and that
therefore the judgment is *res adjudicata.*

The rule that every question which might have been
decided or litigated in a cause will be presumed to have
been decided, means that every question which
1, 2. was within the issues, and which, under the is-
sues, might have been proved, will be presumed
to have been proved and adjudicated. *Griffin* v. *Wal-
lace* (1879), 66 Ind. 410; *Duncan* v. *Holcomb* (1866),
26 Ind. 378; *Boardman* v. *Griffin* (1875), 52 Ind. 101;
*Finley* v. *Cathcart* (1897), 149 Ind. 470, 48 N. E. 586,
49 N. E. 381, 63 Am. St. 292; *Henry* v. *Gant* (1921), 75
Ind. App. 218. Appellant's right of action accrued when
title to the real estate vested in him through the com-
missioner's deed; his complaint was for possession and
for *unlawful* detention. The possession by the John-
sons and Sissons pending the appeal was not unlawful.
They had given the bond in suit as security against
loss of rents and profits, and were lawfully in posses-
sion until the judgment of the trial court was affirmed.
Appellant's cause of action in ejectment, as stated in
his complaint, was an action in tort, and under the is-
sues as presented by the pleadings, the damages which
he could have recovered was for the time of the tortious
holding. *Smith* v. *Wood* (1882), 83 Ind. 522; *Scott* v.
*Colson* (1908), 156 Ala. 450, 47 So. 60; *Clark* v. *Boy-*

*reau* (1860), 14 Cal. 634, 637. It follows that the issue tendered by appellant in the case at bar, that is, the action on the appeal bond, was not adjudicated in the action in ejectment.

Judgment reversed, with instructions to the trial court to restate its finding in accordance with this opinion, and to render judgment for appellant against appellees, other than Pear Jordan Ridgeway, for $550 and costs.