GASAWAY *v.* STATE OF INDIANA.

[No. 30,986. Filed December 13, 1967.]

242

*Max Cohen*, of Gary, for appellant.

*John J. Dillon*, Attorney General, *Dennis J. Dewey*, Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was found guilty of the crime of robbery on a jury verdict in the LaPorte Circuit Court and sentenced accordingly. The main contention before us raised by the motion for a new trial on this appeal relates to the motion to suppress evidence which was obtained by the police who searched appellant's car.

It appears from the record that the appellant was charged with the crime of robbery in Superior Court No. 2 of St. Joseph County. After arraignment and a plea of not guilty he filed a motion to suppress the evidence connected with the search of the automobile. That court sustained the motion to suppress the evidence and thereafter the State dismissed its action in Superior Court No. 2, and later filed a charge covering the same alleged crime in St. Joseph Superior Court No. 1.

This appellant, in the second court (Superior Court No. 1) filed a motion to suppress the evidence on the basis that the prior ruling in Superior Court No. 2 was *res judicata* and the law of the case. It is contended on this appeal that such ruling in the prior case, which was dismissed, adjudicated the issue as to whether or not the evidence obtained in searching his car was admissible in a trial against the defendant in the present case.

> Normally, *res judicata* becomes a question only where there has been a final judgment rendered between the same parties upon the same issues. 17 I.L.E., *Judgment,* Sec. 441, p. 451.

> The doctrine is applicable, of course, to criminal proceedings as well as civil proceedings. *Etheridge* v. *State* (1960), 240 Ind. 384, 164 N. E. 2d 642.

In the case before us we do not have a formal judgment entered on the motion to suppress. It was, in fact, nothing more than a ruling on a motion in a pending case, which was subject to reconsideration by such a court. It is in no sense a final judgment. The appellant admits that there are no cases in Indiana which support him in the position he takes and states it is a new question in this State. He relies upon *United States* v. *Oppenheimer* (1916), 242 U.S. 85, 37 S. Ct. 68, 61 L. Ed. 161. That case, however, does not support the appellant since it was a case where a court had dismissed a prosecution and thereafter, after the statutes of limitation had operated as a bar, a second prosecution under a new indictment was instituted. The court held that even though jeopardy had not attached in the first prosecution, the second was barred by time limitation. A case more in point is *United States* v. *Wallace Tiernan Co.* (1949), 336 U.S. 793, 69 S. Ct. 824, 93 L. Ed. 1042. There the court said at 93 L. Ed., pp. 1050, 1051:

> ". . . but the decision on a motion to return or suppress evidence in a pending trial may be no more than a proce-

dural step in a particular case and in such event the effect of the decision would not extend beyond that case. . . .

"We hold that the proceedings leading up to the preclusion order must be deemed part of the criminal proceedings, see *Cogen* v. *United States*, 278 U.S. 221, 227, 73 L. Ed. 275, 282, 49 S. Ct. 118; that the order did not preclude use of documents except in these proceedings; and that this order does not stand as a bar to consideration of the availability of the documents for use as evidence in this civil case."

In *United States* v. *Williams* (4th Cir. 1955), 227 F. 2d 149, 152, the court stated:

"The dismissal of the appeal, however, will not preclude the prosecution of the defendant on another indictment, if one should be found against him, since the defendant has not been placed in jeopardy but there has been a mere dismissal of the case based on the suppression of the evidence on which the indictment was found. *Nor will it preclude the use of the testimony which was suppressed, since the order suppressing it was a mere interlocutory order in the case which was dismissed.*" (Our italics)

We hold, therefore, that the LaPorte Circuit Court did not err in refusing to suppress the evidence based on the contention that there had already been an adjudication suppressing such evidence by another court (St. Joseph County Superior Court No. 2). Such prior ruling was merely interlocutory and was binding only in that proceeding.

The appellant also filed a motion to suppress the evidence prior to trial on the ground that probable cause did not exist for the search of the car and that the arrest was not based upon probable cause. The record shows that this was submitted to the court and prior to trial, after hearing, the court overruled the appellant's motion to suppress and reject the evidence. The cause was then venued to the LaPorte Circuit Court and a motion was presented to the court to reconsider its ruling on the motion to suppress. The court, prior to trial, overruled the motion to reconsider. The cause was then sub-

mitted to the jury and in the opening statement the prosecuting attorney referred to the arrest of the appellant by the police officers and the search of the car and the items that were found upon searching the car. The appellant immediately objected to these remarks and asked the court to admonish the jury to disregard the remarks and asked for a mistrial. The appellant also asked the court to hold a hearing and reconsider its motion to suppress the evidence. The court overruled these objections and denied the request to reconsider the motion to suppress and permitted the prosecuting attorney to continue his opening statement.

Later, during the hearing of the evidence, the prosecuting attorney put a witness on the stand who was at the scene of the robbery and who identified the topcoat as the one which the appellant was wearing at the time of the robbery and as a coat found upon searching the car of the appellant. Again the appellant objected to this evidence and the introduction of the exhibit before the jury and asked that the jury be admonished to disregard this evidence. It was then that the court excused the jury in order to hear evidence upon the motion to suppress. After hearing the evidence, the court then sustained the motion to suppress which it had previously overruled. The appellant again moved the court to declare a mistrial because of the prejudicial statements of the prosecuting attorney which alluded to the arrest of the defendant and the articles found in his car: the topcoat, the scarf alleged to have been used as a mask, the galosh found in the back of the car which matched the one lost by the robber, and the currency found in a paper bag. The appellant also objected to these articles being displayed in view of the jury on a table and moved for a mistrial for that reason and requested that the jury be admonished to disregard such display. The court denied such request.

It appears to us that the difficult and unsatisfactory situation that occurred in the trial of this cause resulted from the

failure to hold a hearing and rule finally upon the motion to suppress evidence prior to trial. If this is done, the prosecuting attorney as well as the other parties could proceed with some assurance as to what evidence would or would not be admissible. A better practice of settling such a question in a pretrial hearing could have obviated the error here. *Shuck* v. *State* (1945), 223 Ind. 155, 59 N. E. 2d 124; *Hantz* v. *State* (1930), 92 Ind. App. 108, 166 N. E. 439.

If the defense had failed to raise the issue of the suppression of the evidence prior to trial, knowing at the time that it would be objectionable, then to that extent it would have led the prosecutor into making the remarks objected to in his opening statement, and some blame could be placed upon the objecting party. But such is not the case here. The defense asked for a pretrial hearing, and the court overruled the same and also indicated it was taking it under further consideration until it reached the trial.

If, for some sound reason, the court could not have ruled finally and with some assurance upon the motion to suppress the evidence and found it advisable during the trial to reverse its prior ruling and suppress the evidence, then certainly the appellant was entitled to have the jury admonished with reference to the statements of the prosecuting attorney and with reference to any evidence which might have been before the jury, which was later suppressed. Such action by the court would be the least that could be done to rectify an error in the ruling on the motion to suppress. *Ward* v. *State* (1965), 246 Ind. 374, 205 N. E. 2d 148; *Temple et al.* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850; *Adler* v. *State* (1961), 242 Ind. 9, 175 N. E. 2d 358.

This Court said in *Duncan* v. *State* (1908), 171 Ind. 444, 452, 86 N. E. 641, 644:

". . . since the court subsequently struck out this question in every case and the answers thereto, and admonished the jury not to consider them in determining the merits of the

case, no ground of complaint remains." See also: *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632.

In our opinion, under the law of this State, the trial court erred in failing to comply with appellant's motion that the jury be instructed to disregard the statements of the prosecutor regarding evidence which was later found not to be admissible and the exhibition before the jury of the articles which were obtained by reason of the search of the automobile, which the court held to be improper.

For the reasons stated, the judgement of the trial court is reversed, with directions to grant a new trial.

Lewis, Mote and Hunter, JJ., concur.

Jackson, C.J., concurs in result.

NOTE.—Reported in 231 N. E. 2d 513.