In the Matter of Lendall B. TERRY.

No. 374S68.

Supreme Court of Indiana.

Sept. 10, 1979.

David P. Schippers, Chicago, Ill., for respondent.

David B. Hughes, Indianapolis, for Disciplinary Comn.

PER CURIAM.

This cause is before the Court on a supplemental verified complaint filed by the Disciplinary Commission of the Indiana Supreme Court pursuant to Admission and Discipline Rule 23, Section 12. In accordance with the provisions of Rule 23, a Hearing Officer was appointed, a hearing was conducted, and the Hearing Officer has filed his findings. The Disciplinary Commission and the Respondent, each, have petitioned this Court to review the findings of the Hearing Officer and have submitted briefs in support of their respective arguments. The Respondent has requested oral argument; this request is now denied.

In the supplemental complaint filed under this cause,[1] the Respondent is charged with misconduct under four counts. The Hearing Officer found the evidence insufficient to support findings of misconduct under Counts II and IV of the supplemental complaint. We now adopt and accept as our own the Hearing Officer's findings under Counts II and IV.

In their Petition for Review, the Disciplinary Commission asserts that the Hearing Officer erred in his decision that the doctrine of collateral estoppel did not apply in this cause. The Disciplinary Commission asserts that certain issues raised

---

1. The Respondent was previously suspended without pay as Judge of the Ripley Circuit Court. *In re Terry* (1975), 262 Ind. 667, 323 N.E.2d 192. The Court concluded that it was not necessary at that time to impose a sanction under the disciplinary rules, even though the Respondent was subject to such considerations. The misconduct alleged in the present matter succeeded the order of suspension from judicial duties and did not form the basis for that order; thus, this proceeding has been denoted as supplemental. The same procedures applicable to all disciplinary actions have been employed in the present proceeding now before the Court.

under the supplemental complaint were resolved by this Court's previous opinion denying a petition for reinstatement filed by the Respondent subsequent to his suspension without pay as the Circuit Judge of the Ripley Circuit Court. The doctrine of *res judicata* is applicable only where there has been a final judgment rendered between the same parties upon the same issues. *Gasaway v. State* (1967), 249 Ind. 241, 231 N.E.2d 513. We do not find a sufficient unity of issues to permit the application of this doctrine.

■ The Disciplinary Commission further asserts that the Hearing Officer should not have excluded the former, sworn testimony of one Zelmer Norman who was not available to testify at the time of the hearing on the supplemental verified complaint filed in this cause. This former testimony was given at a custody hearing unrelated to the disciplinary action; the Respondent represented the opposing party to Mr. Norman, and as such had an opportunity to cross-examine this witness. However, we find that this is not admissible under the former testimony exception to the hearsay rule, because the Respondent had no motive to develop the testimony by cross-examination. Accordingly, we adopt the Hearing Officer's ruling that the evidence of Mr. Norman should be excluded from consideration.

■ Under Count I of the Supplemental Verified Complaint, the Respondent is charged with knowingly making a false statement against a judge in violation of Disciplinary Rule 8–102(B) of the Code of Professional Responsibility, with conduct adversely reflecting on his fitness to practice law in violation of Disciplinary Rules 1–102(A)(1) and (6), and with violating his oath as an attorney.

This Court now adopts and accepts as its own the findings of the Hearing Officer entered under Count I which establish that the Respondent was suspended without pay as Judge of the Ripley Circuit Court on June 10, 1975; the opinion in this matter was authored by Justice Donald H. Hunter. Thereafter, on several occasions the Respondent asserted in correspondence directed to public officials of the State that Justice Hunter conspired with attorneys and other unspecified individuals in Ripley County to conceal and cover up the alleged criminal activity of one William Greeman. The Respondent asserted that such was the motivation of Justice Hunter in entering the order of suspension. The record further demonstrates that these allegations were made without any basis.

With regard to the misconduct charged under Count I, the Respondent asserts in his petition for review that he had reasonable suspicion to believe that a conspiracy had been formed to protect William Greeman and that the misconduct alleged under this Count was constitutionally protected activity. The findings of the Hearing Officer which, as noted above, this Court has adopted dispose of the first issue.

As to the question of constitutional protection, the Respondent argues that his comments and speech were permitted under the First Amendment; it is his further contention that the cases sounding in libel and slander are persuasive and instructive in determining the standard of misconduct to be applied in this case. We do not concur in this analysis.

The Respondent is charged with professional misconduct, not defamation. The societal interests protected by these two bodies of law are not identical. Defamation is a wrong directed against an individual and the remedy is a personal redress of this wrong. On the other hand, the Code of Professional Responsibility encompasses a much broader spectrum of protection. Professional misconduct, although it may directly affect an individual, is not punished for the benefit of the affected person; the wrong is against society as a whole, the preservation of a fair, impartial judicial system, and the system of justice as it has evolved for generations. In the past, this Court has noted that a disciplinary proceeding stands independent of the course of litigation from which acts of misconduct may arise. *In re Crumpacker* (1978), Ind., 383 N.E.2d 36; *In re Wireman* (1977), Ind., 367 N.E.2d 1368. This independence is

predicated on the unique nature of the interests protected through the disciplinary process.

In the present case, the Respondent is charged with making false accusations against a Judge. This prohibition touches the very core of the judicial process. Unwarranted public suggestion by an attorney that a judicial officer is motivated by criminal purposes and considerations does nothing but weaken and erode the public's confidence in an impartial adjudicatory process.

In view of the above considerations, we now find that the Respondent has violated the Code of Professional Responsibility and his oath as an attorney, as charged under Count I of the Verified Supplemental Complaint for Disciplinary Action.

Under Count III of the Verified Supplemental Complaint, the Respondent is charged with improperly communicating with persons he knew to be members of a venire from which a Grand Jury was to be selected in violation of Disciplinary Rules 7–108(A) and 1–102(A)(1), (5), and (6).

This Court adopts and accepts as its own the findings of the Hearing Officer entered relative to this Count. The findings establish that on June 10, 1975, the Respondent was suspended without pay as Judge of the Ripley Circuit Court; a judge *pro tempore* was appointed in the court. On October 8, 1976, the judge pro tempore, in attempting to qualify twelve prospective grand jurors, learned that all of the prospective jurors had been contacted and given a packet of documents by the Respondent. In the packet, the Respondent included a letter signed by him as "Judge of the Ripley Circuit Court". The materials delivered to the prospective members of the Grand Jury additionally contained the Respondent's assertions that William Greeman was involved in criminal activity and that the judge pro tempore and prosecutor covered up this alleged activity.

These acts of the Respondent constituted communication with a person known to be a member of the venire from which a jury was to be selected, and conduct prejudicial to the administration of justice adversely reflecting on the Respondent's fitness to practice law. Accordingly, this Court now finds that the Respondent violated the Code of Professional Responsibility as charged under Count III of the Supplemental Verified Complaint for Disciplinary Action.

This Court must now determine the appropriate discipline to be imposed. The Hearing Officer has recommended severe disciplinary action. Our examination of the matters submitted in this cause convinces us that we must concur in this recommendation.

The misconduct present in this case demonstrates either a total disregard or a complete misunderstanding of the purpose for the adjudicatory process. After receiving an adverse ruling in the order of suspension initially entered under this cause, the Respondent chose to undertake an assault directed at the judicial system. His false allegations and assertions, communicated throughout the State, seriously challenged the integrity of the court system and its officers. The record in this case indicates that the motivation behind this assault was personal and not professional. This Court cannot permit such activity to continue or even suggest that the conduct can be tolerated at some future date. The Respondent has shown that he does not deserve the respect of his profession and has further shown that he is not capable of meeting the ethical restraints placed on all members of the Bar of this State.

In light of the above considerations, this Court now concludes that the strongest sanction available under the Constitution of this State must be employed to preserve the integrity of the legal system. It is, therefore, ORDERED that, by reason of the misconduct found under Counts I and III of the Verified Supplemental Complaint for Disciplinary Action filed under this cause, the Respondent be, and he hereby is, disbarred as an attorney in the State of Indiana.

Costs of these proceedings are assessed against the Respondent.

HUNTER, J., not participating.