Arlie Ray WHITE, Appellant,

v.

Dorothy White DAVIS, Appellee.

No. 2–679A188.

Court of Appeals of Indiana,
Fourth District.

Dec. 7, 1981.

Nelson G. Grills, Indianapolis, for appellant.

Grant W. Hawkins, Samper, Hawkins & Atz, Indianapolis, for appellee.

CONOVER, Judge.

Arlie Ray White appeals from the trial court's order finding him $5,154.75 in arrears on his child support obligations to Dorothy White Davis. White contends the court erred in the computation of arrearage. We disagree and affirm the trial court.

## I.

Specifically, Arlie raises the following issues:

1. Was there sufficient evidence to support a finding White owed $5,145.75?

2. Are earlier court orders finding arrears a bar to the present action under the rules of res judicata?

3. Was it error for the trial court to award attorney fees to Dorothy?

## II.

■ The argument portion of Arlie's brief, like his motion to correct errors, addresses only the first two of the three issues presented. Accordingly, the third issue, the question of attorney fees, has been waived. Ind. Rules of ·Procedure, Appellate Rule 8.3(A)(7).

■ The sufficiency issue consists of three separate arguments without citation to legal authority or cogent argument to support the allegations of error. Consequently any appealable issue under this section has been waived. A.R. 8.3(A)(7).

We find the res judicata issue amid the contentions that 1) prior arrearages have been waived and 2) Dorothy's only relief from previous court orders is pursuant to Ind. Rules of Procedure, Trial Rule 60. Arlie's position apparently, is the trial court lacked authority to reconsider evidence of arrearages which were decided in earlier judgments.

## III.

On August 1, 1967, Dorothy and Arlie were divorced. The court gave custody of the four children to Dorothy and ordered Arlie to pay support. The end of their marriage was the beginning of a new legal entanglement, and Arlie and Dorothy have been in court regularly ever since. They have disputed the custody of the children, liability for medical bills and the amount of support payments. On the question of unpaid child support, which is at issue here, the following events are pertinent:

On December 11, 1968, Dorothy filed a petition alleging Arlie was in arrears on his support payments by $2,320. After a hearing on January 28, 1969, the court found Arlie in arrears $3,120.

On December 6, 1974, Dorothy filed another petition for contempt alleging Arlie was in arrears $520. Dorothy and Arlie agreed to a modification of the divorce decree on December 19, 1974, which in part increased Arlie's support obligation, required Dorothy to assume responsibility for routine medical expenses, but did not address the question of unpaid support.

On January 27, 1975, Dorothy filed another petition, this time alleging unpaid support of $170 due before the December 19 modification and $260 due since. After a hearing on June 20, 1975, the court ordered Arlie to pay a medical bill dated before the December 19 modified decree, but made no reference to the unpaid support.

On September 27, 1978, Dorothy again filed a petition for the unpaid support, this time alleging the arrears since the divorce and including the 1969 judgment amounted to more than $12,000. On February 13, 1979, the court found support was unpaid in the sum of $5,145.75 ($3,120 unpaid from the 1969 judgment plus $2,034.75 for arrearages since that time).

Arlie's appeal from that finding essentially contends the 1974 and 1975 orders found no unpaid support due and are therefore a bar to litigation of any claims before 1975.

## IV.

Arlie contends the computation of unpaid support should not include arrearages which may have accrued before June 20, 1975. He argues the June 20 order was a final appealable judgment which covered unpaid support because the issue was raised in the pleadings. Dorothy's sole opportunity to contest the trial court's failure to award arrearages was to appeal. When she failed to do so, the order became res judicata as to any unpaid support. We disagree.

■ The doctrine of res judicata acts as a bar when the same parties to an earlier

final judgment on the merits attempt to relitigate the same issues. *Matter of Terry*, (1979) Ind., 394 N.E.2d 94, *cert. denied* 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759; *Gasaway v. State*, (1967) 249 Ind. 241, 231 N.E.2d 513. For res judicata purposes the earlier judgment is final when it disposes of the subject matter of the litigation to the furthest extent of the court's powers and reserves no further question for future determination. *Richards v. Franklin Bank & Trust Co.*, (1978) Ind.App., 381 N.E.2d 115, 118 [quoting 17 I.L.E. *Judgment* § 334 (1959)].

■ In cases where multiple claims are made, a judgment, decision or order on fewer than all the claims does not result in a final judgment and cannot be appealed unless the trial court expressly determines there is no reason for delaying an appeal and expressly directs the entry of judgment. *Matter of Estate of Newman*, (1977) Ind.App., 369 N.E.2d 427; Ind. Rules of Procedure, Trial Rule 54(B).[1] Generally, it is accepted that "the requirement of finality of judgment as a basis for appellate proceedings is the same as that of finality as a basis for the application of the rules of res judicata." Restatement of Judgments § 41(a).

■ The record relevant to the June 20 order in this case is sparse but adequate to show that although multiple claims were presented to the trial court, not all those claims were resolved. On January 27, 1975, Dorothy asked for $430 in unpaid support, an increase in weekly support payments and attorney fees. After a hearing in June—the details of which have not been included in the record—the court issued the following order: "Plaintiff ordered to pay medical bills occured (sic) November 22nd, 1974." The issue of medical expenses apparently arose during the hearing and appears to be based on the December 19, 1974, divorce decree modification wherein Dorothy assumed responsibility for medical bills. The agreement unfortunately neglected to assign responsibility for any unpaid bills dated before the amended decree.

We do not believe the order on medical bills included by necessary implication the question of unpaid child support. Each claim is based on different legal theories and relies on different evidence. The claims are separate and distinct and a decision on one is not a decision on the other.

Of course we are aware of the line of cases which hold that every question which was within the issues and which under the issues might have been proved, will be presumed to have been adjudicated. *See, e. g. Board of Commissioners of Adams County v. State ex rel. Gibson*, (1948) 226 Ind. 633, 82 N.E.2d 891; *Rees v. Heyser*, (1980) Ind. App., 404 N.E.2d 1183; *Blake v. Blake*, (1979) Ind.App., 391 N.E.2d 848; *Matter of Estate of Apple*, (1978) Ind.App., 376 N.E.2d 1172; *Evansville American Legion Home Assn. v. White*, (1967) 141 Ind.App. 574, 230 N.E.2d 623; *Crown Point Community School Corp. v. Richards*, (1972) 154 Ind.App. 545, 290 N.E.2d 449; *Jordan v. Sisson*, (1924) 82 Ind.App. 128, 141 N.E. 881. Certainly the question of unpaid support

---

1. T.R. 54

"**(B) Judgment upon multiple claims or involving multiple parties.** When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final."

was within the issues litigated in this case, but it was not within the issue decided nor was the issue decided a final judgment. T.R. 54(B). The rule presuming finality of all issues which might have been proved presumes a final judgment. It is but a corollary of res judicata. Where a judgment leaves open the opportunity for modification or further decisions and is not ripe for appeal, we cannot presume the principal issues have been finally decided, much less every question within the issues.

Applying the law to the facts in this case, we find the trial court was presented with multiple claims and decided one of them. However, it did not certify that claim for appeal under T.R. 54(B) nor settle the other issues presented. In such cases, an order as to fewer than all the claims is never final and there is nothing upon which to base a defense of res judicata. Because nothing was decided on the issue of unpaid support, Dorothy was not barred from attempting to continue litigation of the question or in seeking a mandate compelling entry of judgment on the other issues pursuant to Ind. Rules of Procedure, Trial Rule 58.[2]

A similar situation arises with the December 19, 1974, order. That order, which was an agreed modification to the divorce decree, settled a number of questions but did not address the question of unpaid support raised in Dorothy's petition. It did not dispose of the subject matter of the litigation nor settle all the claims. No decision was reached in settling the amount of unpaid support and we will not presume that no decision means support was not owing or that the trial court intended such a presumption.

### V.

Although Dorothy pleaded unpaid support in 1974 and 1975, we find no final judgment on the claims. The claims therefore are not res judicata.

Finding no error in the proceedings below, the trial court's judgment is affirmed.

MILLER, P. J., and YOUNG, J., concur.

---

2. T.R. 58

"Subject to the provisions of Rule 54(B), upon a general verdict of a jury, or upon a decision announced, the court shall promptly prepare and sign the judgment, and the clerk shall thereupon enter it. A judgment may be set forth on a separate document. Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course. The judge failing promptly to cause judgment to be prepared, signed and entered as provided herein may be compelled to do so by mandate."