Arlie Ray WHITE, Appellant,

v.

Dorothy White DAVIS, Appellee.

No. 2–679A188.

Court of Appeals of Indiana,
Fourth District.

Feb. 10, 1982.

Nelson G. Grills, Indianapolis, for appellant.

Grant W. Hawkins, Samper, Hawkins & Atz, Indianapolis, for appellee.

## ON PETITION FOR REHEARING

CONOVER, Judge.

Appellant Arlie White petitions for rehearing on a decision handed down by this court on December 7, 1981, and published at 428 N.E.2d 803. In that decision we ruled against White, holding the trial court had not erred in finding him delinquent in child support.

The bulk of the material White presents in his Petition for Rehearing was fully covered in our opinion and we will not belabor those points further.

White does, however, contend we failed to address one of his issues, namely, that his former wife waived the unpaid support.

In his brief on appeal, White presented the following for our review (in his own words):

"*A Statement of the Issues Presented for Review*

The motion to correct errors (TR Page 1) and the order of the Court (TR 172) disclose the issues presented for review. They are three in number:

1. The order of the court found an arrearage in child support on the part of the respondent husband in the amount of five thousand, one hundred forty-five dollars and seventy-five cents. The facts in the transcript indicate that the amount of these arrearages does not comply with the facts before the Court, and the order should comply with the facts before the Court and find that there was either no arrearage or only a nominal arrearage.

2. The transcript indicates that upon at least two occasions the plaintiff wife had under an affidavit found an arrearage requesting a rule to show cause admitting that the arrearages were different than the arrearages set out in the Contempt Citation and Petition to Modify, which led to the order of the Court from which an appeal is taken, (TR 128), and the orders of the Court finding arrearages based upon the previous verified petitions for contempt and a rule to show cause are res adjudi-cata and the Court cannot go behind these orders to find additional arrearages.

3. In the event the respondent husband prevails in this appeal, the payment of Attorney's fees to the wife would be inappropriate."

We restated those issues thus:

1. Was there sufficient evidence to support a finding White owed $5,145.75?

2. Are earlier court orders finding arrears a bar to the present action under the rules of res judicata?

3. Was it error for the trial court to award attorney fees to Dorothy?

We were aware White cited *Linton v. Linton*, (1975) 166 Ind.App. 409, 336 N.E.2d 687, in his argument section for the proposition that a mother, entitled to repayment for supporting her children, may, if she chooses, forgive the debt.

That proposition, standing alone, did not create an issue or an argument. White did not argue the record showed his former wife forgave the debt he owed her for supporting the children.

Because the issue was not properly or adequately briefed, it was waived. We will not address it now.

The Petition for Rehearing is denied.

MILLER, P. J., and YOUNG, J., concur.