SCAD-16-0000522

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

DEXTER K. KAIAMA,
Respondent.

---

ORIGINAL PROCEEDING
(ODC 13-006-9076)

ORDER OF PUBLIC CENSURE
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack and Wilson, JJ.)

Upon examination of the July 18, 2016 report filed with this court by the Disciplinary Board of the Hawai‘i Supreme Court, the exhibits appended to it, and the record as a whole, and upon full and careful consideration of the briefs in this matter submitted to this court by Respondent Dexter K. Kaiama and by the Office of Disciplinary Counsel, we conclude, by clear and convincing evidence, that the record supports the violations identified by the Disciplinary Board:[1] specifically, that, on

---

[1] We accept the Findings and Conclusions as amended by the Board, with two exceptions. Based upon the Hearing Officer's role as finder of fact, we accept Finding No. 12 as proposed by the Hearing Officer, and accept Finding 13, as amended to read "It was never Respondent's intent to be disruptive." Nevertheless, insofar as we join other jurisdictions in applying an objective test regarding such conduct, and conclude Respondent Kaiama, at a minimum, leveled his

(continued...)

July 13, 2012, by filing the Notice of Protest and its attachments in the Third Circuit litigation presided over by the Judge in question, Respondent Kaiama, with reckless disregard as to the truth or falsity of the allegation, accused the presiding Judge of committing war crimes under international Conventions, and thereby filed a frivolous document that served no legal or practical purpose, in violation of Rule 3.1 of the Hawai'i Rules of Professional Conduct (HRPC) (1994), harassed and embarrassed the Judge, in violation of HRPC Rule 3.5(b), engaged in conduct reasonably likely to disrupt the tribunal - and which did disrupt the tribunal - in violation of HRPC Rule 3.5(c), and made statements with reckless disregard as to their truth or falsity concerning the integrity of the Judge, in violation of HRPC Rule 8.2.

With regard to Respondent's arguments concerning the scope of permitted testimony at the disciplinary hearings, we note Respondent Kaiama had an opportunity to argue before the Hearing Officer for the admission of witness testimony, and was allowed to submit written evidence into the proceedings regarding the legal arguments which he asserted supported his accusations against the Judge. We therefore conclude the Hearing Officer's evidentiary rulings, made following the October 17, 2014 hearing,

[1](...continued)
accusations with a reckless disregard to their truth or falsity, we conclude the record supports the violations of the Hawai'i Rules of Professional Conduct identified by the Board.

and the general conduct of the proceedings did not deny Respondent Kaiama's rights to due process.  See Bank of Hawaii v. Kunimoto, 91 Hawaiʻi 372, 388, 984 P.2d 1198, 1214 (1999).

We conclude that Respondent Kaiama's allegations are clearly false upon the evidence in the record, as Respondent Kaiama has not proffered any evidence the Judge in question has been convicted of war crimes by any court or tribunal.

We further conclude the Respondent's accusations were not opinion based upon fully-disclosed facts, but were mere allegations, based upon tenuous legal analysis of broad statutory provisions which do not survive analysis.  We conclude Respondent Kaiama's allegations "'imply a false assertion of fact'" which could "reasonably be interpreted as stating actual facts about their target" which are not true, and the charge of war criminal does, by its plain language, charge the Judge with "commission of a criminal offense."  See Standing Comm. on Discipline of the U.S. Dist. Ct. v. Yagman, 55 F.3d 1430, 1438 (9th Cir. 1995) (quoting Milkovich v. Lorain Journal Co., 497 U.S. 1, 19 (1990)). In sum, in the words of the United States Court of Appeals for the Ninth Circuit, Respondent Kaiama's accusations "erode public confidence without serving to publicize problems that justifiably deserve attention," id. at 1438.  As such, Respondent's allegations are not protected speech.  Cf.  State ex. rel. Oklahoma Bar Ass'n v. Porter, 766 P.2d 958, 968 (1988).  We further conclude these allegations were made with a reckless

3

disregard to their truth or falsity, and were not assertions a reasonable attorney, considered in light of all his professional functions, would make in the same or similar circumstances. See Yagman, 55 F.3d at 1440, U.S. Dist. Ct. v. Sandlin, 12 F.3d 861, 866-67 (9th Cir. 1993); In re Terry, 394 N.E.2d 94, 95-96 (Ind. 1994); In re Comfort, 159 P.3d 1011, 1019-20, 1027 (Kan. 2007); Kentucky Bar Ass'n v. Blum, 404 S.W.3d 841, 856 (Ky. 2013); In re Cobb, 838 N.E.2d 1197, 1212 (Mass. 2005); In re Petition for Disciplinary Action Against Nathan, 671 N.W.2d 578, 584-86 (Minn. 2013), In re Coe, 903 S.W.2d 916, 917 (Mo. 1995); Matter of Westfall, 808 S.W.2d 829, 837 (Mo. 1991); Disciplinary Counsel v. Gardner, 793 N.E.2d 425, 429 (Ohio 2003); Lawyer Disciplinary Bd. v. Hall, 765 S.E.2d 187, 198 (W.Va. 2014).

We also emphasize Respondent Kaiama faces discipline for the allegations made in the Notice of Protest, not for his arguments in the underlying litigation that the court lacked jurisdiction because of the continued existence of the Kingdom of Hawaiʻi, an argument which, if successful, could achieve an articulable objective for his client, i.e., dismissal of the litigation. See ODC v. Burgess, No. 12608 (August 3, 1988) (drawing a similar distinction and imposing a public censure for Burgess's personal denial of the *de jure* legitimacy of the government of the State of Hawaiʻi and its courts, in so doing repudiating his oath taken upon admission to the bar). By contrast, the allegations for which Respondent Kaiama faces

4

discipline do not serve any discernible purpose within the underlying litigation and, hence, cannot be characterized as mere 'zealous representation' of the Respondent's clients. Nor do the allegations bear a rational relationship to any previous opinions of this or other courts of the State and, hence, are not good faith arguments for an extension of such precedent. Nor was the filing of the Notice justified for any other proper purpose: Respondent Kaiama does not offer any specific evidence, cite to any court rule or procedure of any other fora, or articulate any reasonable legal theory to support his assertion that filing the Notice of Protest was necessary to preserve the issue for review by another forum. In short, we conclude that the allegations serve no other purpose but to harass the presiding Judge by threatening him with dire consequences for his previous and subsequent rulings in the litigation.

Respondent Kaiama's conduct warrants suspension, absent mitigating circumstances. See American Bar Association Standards for Imposing Lawyer Sanctions (2000), Standards 6.22 and 6.32; ODC v. Ng, SCAD-12-414 (March 1, 2013); ODC v. Shea, SCAD-11-777 (May 1, 2012); see also ODC v. Cook, No. 28300 (March 6, 2007); Gardner, 793 N.E.2d at 424, Sandlin, 12 F.3d at 862-63, 867; Cf. Westfall, 808 S.W.2d at 838.

We find, in aggravation, that Respondent Kaiama has substantial experience in the practice of law while, in mitigation, we find Respondent Kaiama has a clean disciplinary

record, his conduct was absent a dishonest or selfish motive, and he was fully cooperative with the disciplinary proceedings. Therefore, in light of the mitigating factors, which outweigh those in aggravation,

IT IS HEREBY ORDERED that Respondent Kaiama is publicly censured for his misconduct. Respondent Kaiama is, however, cautioned that further such conduct may result in a period of suspension.

IT IS FINALLY ORDERED that Respondent Kaiama shall bear the costs of the disciplinary proceedings upon the approval of a timely-submitted verified bill of costs from the Office of Disciplinary Counsel.

DATED: Honolulu, Hawaiʻi, May 1, 2017.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



6