WILLIAM C. LYON v. VELMA S. LYON

[No. 3-475A61. Filed November 17, 1977.]

*Thomas S. Locke, Parry, Krueckeberg & Smith*, of Fort Wayne, for appellant.

*Jerome J. O'Dowd*, of Fort Wayne, for appellee.

GARRARD, J.—The parties to this appeal were divorced on December 2, 1961, pursuant to Ind. Anno. Stat. § 3-1201 *et seq.* [repealed]. In those proceedings they procured court approval of a written property settlement agreement they had executed on October 31, 1961. No contention has been made that this agreement was other than the voluntary and informed choice of the parties. Pursuant to the agreement and ensuing decree the husband was ordered to pay to the wife as alimony $525 per month for the rest of her life unless she remarried or the husband died. If either exception occurred, payments ceased.

No appeal was taken from that decision. In fact, the husband complied with the decree for the next twelve years. He then ceased making payments and perfected this appeal from the proceedings which followed.[1] He first asserts that the alimony order

---

1. In the first proceeding the wife sought execution upon the husband's assets. After hearing and a determination that there was a $6300 arrearage the court

is void and therefore unenforceable. In the alternative, he contends that if the order is not void, it should be subject to modification under the divorce statutes.

The husband argues that the alimony provision of our now-repealed divorce statute required that alimony be awarded as a gross sum, even though it could be ordered paid in periodic installments. Ind. Anno. Stat. § 3-1218. Cases prior to the 1949 amendment of the statute support that argument. He then asserts that since divorce was a special statutory action, the court was without jurisdiction when it ordered him to pay alimony to the wife for the remainder of her life, citing *Marsh v. Marsh* (1904), 162 Ind. 210, 70 N.E. 154 and other cases.

We need not decide whether this is the proper interpretation of *Marsh* and its progeny. Nor do we consider whether these decisions concerning the requirement that alimony be awarded in specific sum were altered by the 1949 amendments to the divorce statute, § 3-1218, which for the first time provided that the court fixing an alimony award could order its "discontinuance or reduction upon the death or remarriage of the wife." The case before us is controlled by other principles.

It has long been the law of this state that one who procures a court to act wrongly, even where the action is beyond the court's jurisdiction, is estopped to then claim the lack of jurisdiction as a defense to the result obtained. *Robertson v. Smith* (1891), 129 Ind. 422, 28 N.E. 857. *See also Cantwell v. Cantwell* (1957), 237 Ind. 168, 143 N.E. 2d 275; *Todd v. State* (1951), 229 Ind. 664, 101 N.E.2d 45; *Seip v. Gray* (1949), 227 Ind. 52, 83 N.E.2d 790; 46 Am. Jur. 2d, *Judgments* § 51. The husband, through the property settlement agreement and his position taken at the original trial, procured the court to enter the precise judgment of which he now complains. He is estopped from making the assertion. The court did not err in permitting enforcement of the judgment.

In *Wilms v. Wilms* (1973), 157 Ind. App. 583, 301 N.E.2d 249 we rejected the argument that alimony awards made under Ind.

permitted execution. The husband then petitioned to modify the judgment. This petition was dismissed. Both proceedings are covered in this appeal.

Annot. Stat. § 3-1218 were subject to modification. We decline reconsideration of that decision. On its authority, the husband's petition to modify the alimony award was properly dismissed.

Affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE—Reported at 369 N.E.2d 649.