BEEBE, APPELLANT, *v.* CONNORS, ADMR., BUREAU OF WORKERS' COMPENSATION, ET AL., APPELLEES.

(No. C-800958—Decided December 9, 1981.)

*Mr. Robert L. Rinear,* for appellant.
Messrs. *Lindhorst & Dreidame* and *Mr. Thomas M. Tepe,* for appellees.

*Per Curiam.* Appellant's claim under the Workers' Compensation Law for injury arising out of his employment was denied by the Industrial Commission, and his appeal to the court of common pleas was dismissed on summary judgment. His single assignment asserts that the dismissal was erroneous, claiming that there is a genuine issue of fact, to wit, whether the injury was within the "zone of employment." We find no error.

The injury occurred after the workday had ended at 4:00 p.m. on July 3, 1975, as appellant was placing his own tools in the trunk of his car in a public parking lot adjacent to the construction site on which he was employed. The appellant's leg was broken when a co-worker's automobile backed into appellant's car, crushing his leg between the two cars.

Appellant first brought suit against David Brieg, the co-worker, for personal injuries caused by Brieg's negligence. In connection with appellant's motion for summary judgment on the question of liability, he filed an affidavit stating that the injury occurred after termination of the workday while appellant was conducting his personal affairs, that he was in process of returning to his residence, that he was not acting in furtherance of his employment duties which would not resume until the next workday, and that his employer neither owned nor controlled the parking lot and had not instructed or advised him to park there. Despite this obvious attempt to avoid the immunity granted to a co-worker by R.C. 4123.741 for liabilities arising out of employment, the trial judge stated to counsel for appellant and for Brieg in his chambers that he believed the claim should fall within the Workers' Compensation Law and that no further proceedings would be had in his court until the Bureau of Workers' Compensation determined whether the claim was compensable under the Workers' Compensation Law.

Appellant settled the suit against Brieg for $17,500, and then filed a claim with the Bureau of Workers' Compensation, the denial of which constitutes the subject matter of this appeal.

An admission by a plaintiff during cross-examination that she was guilty of negligence contributing to her injury precludes any recovery against the alleged tortfeasor. *Winkler* v. *Columbus* (1948), 149 Ohio St. 39 [36 O.O. 364]. The situation is somewhat different in the instant case, because appellant's admission that the injury was not connected with his employment was made not in the case then at bar but in an earlier lawsuit. We hold, nevertheless, that when an injured worker sues a co-worker for injury caused by the negligence of the co-worker after the workday ended, and recovers damages from the co-worker on the basis of plaintiff's own sworn statement that the injury did not arise out of employment, the injured worker is precluded as a matter of law from recovering any compensation for that same injury under the Workers' Compensation Law. We affirm.

*Judgment affirmed.*

BLACK, P.J., SHANNON and KLUS-MEIER, JJ., concur.