**Gloria DuSHANE, Appellant (Petitioner Below),**

v.

**John E. DuSHANE, Appellee (Respondent Below).**

No. 4–384 A 80.

Court of Appeals of Indiana, Fourth District.

Dec. 30, 1985.

William M. Pope, Indianapolis, for appellant.

Winston T. Hay, Wunder & Hay, Indianapolis, for appellee.

YOUNG, Presiding Judge.

Gloria DuShane appeals the trial court's refusal to grant her relief from the decree dissolving her marriage to John E. DuShane.

We affirm.

On March 12, 1979, the Marion Superior Court dissolved the parties' marriage. The decree of dissolution followed almost verbatim the parties' written agreement. No appeal was taken. Four years later, after remarriage, DuShane filed a Trial Rule 60(B) motion seeking to invalidate the decree. The trial court denied her petition.

Trial Rule 60(B)(6) authorizes a court to grant relief from a void judgment "upon such terms as are just." On appeal, we will set aside a trial court's ruling in this regard only if it constitutes an abuse of discretion. *In Re Marriage of Bates* (1985), Ind.App., 474 N.E.2d 140; *In Re Marriage of Jones* (1979), 180 Ind.App. 496, 389 N.E.2d 338.

In her petition for relief, appellant essentially alleged that at the time of her mar-

riage to John DuShane, he already had a spouse. She concluded that their marriage was void *ab initio* and the trial court lacked subject matter jurisdiction to dissolve the marriage.

■ The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs. *Twyman v. State* (1984), Ind., 459 N.E.2d 705. Appellant is correct in her assertion that subject matter jurisdiction may not be conferred by consent, agreement or waiver. *Id.* In this case, the parties, residents of Indiana at the time of the original action, brought their marital status before the court. The trial court clearly had jurisdiction to assess this status. Presuming that the parties were validly married, the trial court issued a decree of dissolution from which the parties are now estopped from obtaining relief. *See Chermak v. Chermak* (1949), 227 Ind. 625, 88 N.E.2d 250, *Walker v. Walker* (1898), 150 Ind. 317, 50 N.E. 68.

Appellant relies heavily on *Williams v. Williams* (1984), Ind.App., 460 N.E.2d 1226, and *Van Winkle v. Van Winkle* (1954), 124 Ind.App. 626, 118 N.E.2d 389, in support of her argument that the trial court lacked subject matter jurisdiction. These cases essentially stand for the proposition that a court has no jurisdiction to dissolve a marriage which does not exist. In each of these cases, however, the parties raised the issue of the validity of the marriage in a direct appeal shortly after the trial court's original decision on this question. In this case, however, no appeal was taken from the trial court's determination that the marriage was valid and should be dissolved.

In *Schoffstall v. Failey* (1979), 180 Ind. App. 528, 389 N.E.2d 361, the first district of this court reasoned that considerations of subject matter jurisdiction must be tempered by the goal of finality. "A court's determination that it has jurisdiction of the subject matter is *res judicata* on that issue ... if a party had an opportunity to contest subject matter jurisdiction and failed to do so." *Id.* at 531, 389 N.E.2d at 363, quoting C. Wright & A. Miller, Federal Practice and Procedure, 1973 Civil § 2862. The court in *Schoffstall* further reasoned:

> In the interest of finality, the concept of void judgment is narrowly construed. While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction. A court has the power to determine its own jurisdiction and an error in that jurisdiction will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void.

*Id.* In this case, we do not find the clear usurpation of power which would render the trial court's judgment void.

The concept of finality espoused in *Schoffstall* is apparent in several cases dealing specifically with challenges to dissolution decrees. In *Lyon v. Lyon* (1977), 174 Ind.App. 597, 369 N.E.2d 649, the third district of this court refused to address the merits of appellant's argument that the alimony order in a twelve year old decree was void. The court noted:

> It has long been the law of this state that one who procures a court to act wrongly, even where the action is beyond the court's jurisdiction, is estopped to then claim the lack of jurisdiction as a defense to the result obtained. *Robertson v. Smith* (1891), 129 Ind. 422, 28 N.E. 857.

*Id.* at 598, 369 N.E.2d at 650.

Similarly, in *Novak v. Novak* (1956), 126 Ind.App. 428, 133 N.E.2d 578, our supreme court observed that the appellant had an opportunity to question the validity of her divorce decree in the original suit. The court noted that because she had accepted the benefits of the decree and remarried, she would be estopped, in an action to quiet title, to argue that the divorce decree was void.

■ In this case, DuShane invited the court to act on her behalf and then relied upon the decree and accepted its benefits by remarrying and litigating actions for

modification and contempt in the four years following the dissolution. The record contains substantial evidence that at the time of their marriage, Mrs. DuShane knew of Mr. DuShane's existing spouse. She nevertheless allowed the trial court's judgment regarding existence of the marriage to become final. At this late date, she cannot equitably succeed in claiming that the court was powerless to issue the decree.

 Moreover, even if the marriage were void, the trial court had equitable jurisdiction to adjudicate the property rights of the parties and protect the best interests of the children. In *Sclamberg v. Sclamberg* (1942), 220 Ind. 209, 41 N.E.2d 801, the trial court found a marriage between an uncle and his niece void, but nevertheless awarded the niece a $1,000 judgment. Notwithstanding the invalidity of the marriage, our supreme court affirmed the judgment, reasoning:

> [A] court of equity has the inherent power, where the parties appear in said court, and the court has jurisdiction of both the parties and their property to adjudge the marriage void and settle their property rights acquired during the existence of the marriage relation and make an equitable division thereof.

*Id.* at 215, 41 N.E.2d at 803. The court recognized that the trial court had to deal with the parties as it found them and could not put them back in the position they occupied before the marriage. In this case, the trial court had similar equitable powers to adopt the parties' written agreement disposing of marital property and providing for care and custody of the minor children.

Finally, bearing in mind the equitable nature of the appellant's request for relief, we cannot ignore the fact that appellant asks us to impose a severe hardship on the parties' children, innocent victims of this situation. Were we to set aside the dissolution decree, the children would be made illegitimate unless, at the time of their birth, one parent was unaware of the invalidity of the marriage. IND.CODE 31–1–7–3. Not only would the children's status be cast in doubt, but their father's custody and residence in the marital domicile as well as issues of support and visitation would be litigated anew after four years of reliance upon the finality of a decree incorporating the parties' own agreement. Such relief can hardly be termed "just".

Having found no abuse of discretion, we affirm the trial court's decision denying appellant relief from judgment.

MILLER and HOFFMAN, JJ., concur.