**RIVERVIEW HEALTH CARE,**
**Defendant–Appellant,**

v.

**Lilly M. WRIGHT, Plaintiff–Appellee.**

**No. 93A02–8712–EX–499.**

Court of Appeals of Indiana,
First District.

June 9, 1988.

Leonard E. Eilbacher, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for defendant-appellant.

Donald C. Swanson, Jr., Fort Wayne, for plaintiff-appellee.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Riverview Health Care appeals from the Industrial Board of Indiana's award in favor of Lilly M. Wright. We reverse.

### FACTS

Lilly M. Wright was employed as a nurse's aid by Riverview Health Care Center, a nursing home in Fort Wayne, Indiana. Wright was scheduled to report to work at 3:00 P.M. on January 27, 1984. However, on the morning of that day Wright arrived at the Center to pick up her paycheck. The parking lot of the center

was icy due to rain and sleet. Wright entered the center without incident. As Wright was picking up her paycheck she was reminded of the ability to sign up for a group insurance benefit program. Wright decided to enroll and at that time filled out the necessary enrollment documents. Thereafter, Wright left the center and while returning to her car she fell in the parking lot and was injured.

On May 17, 1984, Wright filed a civil action in the Allen Superior Court against Riverview claiming her injuries were caused by Riverview's negligence. This action was venued to the Adams Circuit Court. Riverview responded to Wright's complaint and filed a Motion for Summary Judgment which argued that Wright's exclusive remedy was governed by the Workmen's Compensation Act, Indiana Code section 22–3–2–1 et seq. The trial court rejected Riverview's motion and the case proceeded to a trial by jury. At the close of Wright's case-in-chief Riverview moved for a directed verdict as follows:

"... on the grounds that the remedy which Mrs. Wright is seeking is one which more properly lies in the realm of worker's compensation, which should be the exclusive remedy for this type of an accident, an injury which is clearly job related. Mrs. Wright was injured when she was going to pick up her paycheck. She was injured on her employer's premises at a time when she voluntarily and for her own enjoyment and convenience went on her employer's premises and conducted an act, that is picking up her paycheck and talking to individuals inside about various benefit programs that were strictly related to her employment and that it can be stated that because it was so job-related that the exclusive remedy for Mrs. Wright should be through worker's compensation as opposed to a direct negligence action against her employer by whom she was employed at the time of her accident and for all grounds set forth in the Motion for Summary Judgment heretofore filed with the Court which defendant incorporates in its Motion for Directed Verdict on the grounds

that worker's compensation is the exclusive remedy."

Record, at 122. Wright argued against Riverview's motion and the trial court denied the motion. At the close of all the evidence Riverview renewed its motion for a judgment on the evidence, which also was denied. Thereafter the jury was instructed, deliberated, and returned a verdict in favor of Riverview. Judgment was entered on the jury's verdict. Wright did not appeal this judgment.

On June 21, 1985, Wright filed an application for Workmen's Compensation benefits with the Industrial Board of Indiana. Riverview filed a special answer which alleged that the Adams Circuit Court had found and exercised jurisdiction over the case in a civil suit, and that the Adams Circuit Court's decision implicitly ruled that the Board lacked jurisdiction over the case. Furthermore, Riverview alleged that since a final judgment was entered against Wright, she was estopped from bringing a claim before the Board. Riverview also alleged that the Board lacked jurisdiction over Wright's claim.

After a hearing, a Single Hearing Judge sustained Riverview's Special Answer and held that Wright was estopped from presenting her claim to the Board, because a final judgment on the merits was entered against her by the Adams Circuit Court. The Full Industrial Board reversed the Single Hearing Judge's decision and held the Board had jurisdiction over Wright's claim. Thereafter, the Single Hearing Judge entered a second decision which granted benefits to Wright. The Full Industrial Board affirmed the Single Hearing Judge's award and adopted the second decision. Riverview appeals the Board's action and award.

### ISSUE

One (1) issue is dispositive of this appeal:

Whether the Industrial Board of Indiana erred by not dismissing Wright's claim as barred by the doctrine of *res judicata* since the Adams Circuit Court determined in a previous case brought by Wright that jurisdiction over Wright's claim existed in the court and not the Board and entered a final

judgment against Wright on the merits of her claim?

## DISCUSSION AND DECISION

■ Riverview argues that the Board should have applied the doctrine of *res judicata* and dismissed Wright's claim. Riverview is correct. Under the doctrine of *res judicata,*

> "when any fact, question, or issue has been decided by a final judgment of a court of competent jurisdiction to determine such fact, question, or issue, all parties are forever bound by such determination in a subsequent suit or suits between the same parties or their privies, even though the causes of action or the subject matter may be different, except, of course, when the subsequent litigation is a direct proceeding for the purpose of reversing or setting aside the prior adjudication."

17 I.L.E. *Judgment* § 371 (1959). The barring principles of *res judicata* apply when a claim or issue is presented to the Industrial Board after a trial court has made a final adjudication on the merits of the claim or issue. *Beebe v. Connors* (1981), 3 Ohio App.3d 26, 27, 443 N.E.2d 539, 540. However, if the claim or issue is dismissed for lack of jurisdiction, and not decided on the merits then *res judicata* is inapplicable. *Gayheart v. Newnam Foundry Co., Inc.* (1979), 271 Ind. 422, 426, 393 N.E.2d 163, 167. Thus, four (4) elements must exist before the barring principles of *res judicata* apply. *Popp v. Hardy* (1987), Ind.App., 508 N.E.2d 1282, 1286; *Chemco Transport, Inc. v. Conn* (1987), Ind.App., 506 N.E.2d 1111, 1113 (transfer pending); *Cox v. Indiana Subcontractors Assn, Inc.* (1982), Ind.App., 441 N.E.2d 222, 225. *Popp* outlined the elements as follows: "(1) that the former court had jurisdiction; (2) that the matter now in issue was or might have been determined in the prior suit; (3) that the former controversy was between the same parties or their privies; and (4) that the prior judgment was entered on the merits." *Popp,* at 1286.

■ In the present case, the doctrine of *res judicata* applies as all four (4) elements

exist. First, the former judgment in question was rendered by the Adams Circuit Court, a court of competent jurisdiction. Second, the issue of jurisdiction over Wright's claim for injuries was litigated in the former court suit. Third, the controversy was litigated previously between Wright and Riverview, the same parties in the present case. Fourth, the previous judgment which included a determination of jurisdiction was entered on the merits of Wright's claim. Therefore, the judgment of the Adams Circuit Court barred Wright from relitigating the issue of jurisdiction over her claim and the Board erred by not dismissing Wright's claim on this basis.

Wright makes several arguments against the application of the barring principles of *res judicata.* First, Wright argues that the Board and the Adams Circuit Court both had separate authority to decide the jurisdictional issue. Wright argues that, accordingly, neither should be precluded by the other's determination. Although Wright correctly notes that both tribunals had the authority to determine the jurisdictional issue, once one tribunal exercised authority over Wright's claim and reached a final judgment on the merits, the other tribunal was precluded from reevaluating the issues and facts of the claim. Unless preclusive effect is given to the judgment of each respective tribunal, the adjudication of issues, facts, and claims will be duplicated, and the main purpose of the barring principles of *res judicata* will be defeated. Furthermore, Wright's argument fails to recognize that the Workmen's Compensation Act provides an exclusive remedy to an employee when the jurisdictional prerequisites are established. Indiana Code section 22–3–2–6; *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, 972. Under Wright's analysis an employee could obtain a judgment against the employer before a court and before the Industrial Board and neither judgment would be a bar to the other. Wright's argument must fail. Once a final adjudication has been reached on the merits by either tribunal the barring principles of *res judicata* apply. *Gayheart* 271 Ind. at 426, 393 N.E.2d at 167; *Beebe,*

3 Ohio App.3d at 27, 443 N.E.2d at 540.

Wright argues second that the Adams Circuit Court's determination that the court had jurisdiction of the case did not equate to a finding that the Board did not have jurisdiction. Wright's argument fails. When Riverview raised the issue of jurisdiction the question the Adams Circuit Court addressed was whether Wright's exclusive remedy was governed by the Workmen's Compensation Act. The Adams Circuit Court answered in the negative and held the court had jurisdiction. This decision clearly rejected the Board's jurisdiction over the case.

■ Wright's third argument suggests that *res judicata* should not apply because the trial court's decision was merely an interlocutory determination. Wright argues that the doctrine of *res judicata* applies only to final judgments and cites to 17 I.L.E. *Judgments* § 374 (1959); and *Gasaway v. State* (1967), 249 Ind. 241, 231 N.E.2d 513. Although Wright correctly states the rule, Wright fails to apply it correctly to the present case.

In *Gasaway,* the State filed criminal charges against Gasaway in St. Joseph Superior Court No. 2. Gasaway filed a motion to suppress evidence obtained in a search which was granted. Thereafter, the State voluntarily dismissed the charges against Gasaway, and later refiled the charges in St. Joseph Superior Court No. 1. Gasaway filed a second motion to suppress evidence and argued the first court's determination was *res judicata* and law of the case. The court denied the motion and Gasaway appealed. The Court of Appeals held that the doctrine of *res judicata* was inapplicable because the first court's ruling was in no sense a final determination of the case as a judgment was never entered. *Gasaway,* 249 Ind. at 244, 231 N.E.2d at 514.

Unlike *Gasaway,* in the present case, a final judgment was entered and does exist. Once the final judgment was entered, the trial court's jurisdictional determination was no longer interlocutory. The entry of a final judgment concluded all matters of the case. Therefore, *res judicata* applies to the trial court's decision.

Wright argues fourth that the doctrine of *res judicata* is not applicable when a Workmen's Compensation claim is filed with the Industrial Board following a court decision in a civil suit. Wright relies on *Viaene v. Mikel* (1957), 349 Mich. 533, 84 N.W.2d 765; *Strachan Shipping v. Shea* (S.D.Tx. 1967), 276 F.Supp. 610; *Risher v. Dept. of Labor and Industries* (1960), 55 Wash.2d 830, 350 P.2d 645; and 3 Larson, Workmen's Compensation Law § 79.72(c) (1983). Wright's argument fails and her reliance on the foregoing authorities is misplaced. All of the cases Wright relies on are distinguishable from the present case. In *Viaene,* the doctrine of *res judicata* was not applied because the jurisdictional issue of whether the employer had eight (8) or more employees had not been addressed by the trial court. *Viaene,* 349 Mich. at 544–45, 84 N.W.2d at 771. In the present case, the jurisdictional issue was addressed. Riverview raised the issue, the parties argued the issue, and the trial court determined the issue. In *Strachan,* the doctrine of *res judicata* was held inapplicable because the standards of proof used by the court and the board to determine the existence of an injury were different. *Strachan,* at 614. In the present case, the trial court was governed by the same standard in determining whether the Board or the trial court had jurisdiction over the case. Finally, in *Risher,* the doctrine of *res judicata* was held inapplicable because no specific determination of the parties relationship was made in the trial court case. *Risher,* 55 Wash.2d at 833, 350 P.2d at 647. In the present case, the specific issue of whether the Board or the trial court had exclusive jurisdiction of the case was raised and addressed.

In a final argument Wright suggests that she is entitled to proceed on a new or more correct legal theory or ground of liability. Wright bases her argument on 17 I.L.E. *Judgment* § 353 (1959); and *Stuck v. Town of Beech Grove* (1928), 201 Ind. 66, 163 N.E. 483. Again Wright's argument fails. In *Stuck,* the trial court held the

plaintiff could bring a second civil suit after a demurrer had been sustained in the first action and judgment was entered thereon, because additional facts were pleaded which would sustain the second suit, but which would not have changed the result of the first case. *Stuck*, 201 Ind. at 71, 163 N.E. at 484–85. Unlike *Stuck*, no additional facts were pleaded with regard to the jurisdiction over the case and even if there were, they would have changed the decision in the first suit. Thus, Wright misuses this proposition of law in the present case. Therefore, this court holds that the doctrine of *res judicata* is applicable, and that the Board erred by not giving the Adams Circuit Court's decision preclusive effect.

■ This court holds also that Wright was estopped from claiming that the Board and not the court had jurisdiction over her claim. A party cannot assume inconsistent or mutually contradictory positions in the same or successive litigation. 12 I.L.E. *Estoppel* § 44 (1959); *Royal Insurance Co. Ltd. of Liverpool v. Stewart* (1921), 190 Ind. 444, 457–58, 129 N.E. 853, 857–58; *Providence Washington Ins. Co. v. Wolf* (1907), 168 Ind. 690, 706, 80 N.E. 26, 32; *Robertson v. Smith* (1891), 129 Ind. 422, 427–28, 28 N.E. 857, 859–60; *South Bend Community School Corp. v. Nat'l Educ. Ass'n—South Bend* (1983), Ind.App., 444 N.E.2d 348, 351; *Lyon v. Lyon* (1977), 174 Ind.App. 597, 598, 369 N.E.2d 649, 650. As stated in *Lyon*, "It has long been the law of this state that one who procures a court to act wrongly, even where the action is beyond the court's jurisdiction, is estopped to then claim the lack of jurisdiction as a defense to the result obtained." *Lyon*, 174 Ind.App. at 598, 369 N.E.2d at 650. In the present case, Wright filed her civil action with the court and necessarily asserted that the court and not the Board had jurisdiction. Furthermore, Wright successfully defeated Riverview's argument that the Board had jurisdiction over the claim. Having successfully asserted that the trial court and not the Board had jurisdiction over her claim, Wright is now estopped from making a contrary assertion. Therefore, the Board's award of compensation is reversed.

Reversed.

ROBERTSON, J., concurs.

SULLIVAN, J., concurs in result.