Kevin R. **TROXEL** and Rick L. Troxel, Appellants (Petitioners Below),

v.

Joanne K. **TROXEL**, Personal Representative of the Estate of Jack L. Troxel, Deceased, Appellee (Respondent Below).

No. 71S04–0008–CV–480.

Supreme Court of Indiana.

Nov. 3, 2000.

Paul T. Cholis, South Bend, Indiana, Attorney for Appellants.

Randy J. Spitaels, Loren R. Sloat, Nappanee, Indiana, Attorneys for Appellee.

## ON PETITION TO TRANSFER

BOEHM, Justice.

We hold that where a probate court erroneously admits a will to probate after the expiration of the statute of limitations, the court's subsequent orders are voidable and subject to attack via a timely will contest, but are not void. Accordingly, any interested party with notice of the belated effort to probate the will must object within the five-month period for a will contest.

### Factual and Procedural Background

Jack Troxel and his second wife, Joanne, lived in a home on a twenty-four acre parcel of property in rural St. Joseph County. After their marriage, they purchased several adjoining parcels that were titled in both of their names as joint tenants with right of survivorship. In 1981, Jack executed a will leaving his entire estate to Joanne and naming her as the personal representative of his estate. Jack died in 1992. His heirs-at-law included his spouse Joanne and two sons from a previous marriage, Kevin and Rick Troxel (hereinafter "the Troxels").

The property on which Joanne resided was in fact held of record by Jack alone, but Joanne assumed that Jack held no assets solely in his name and therefore took no steps to probate his will or open an estate. The three-year statutory period for probating Jack's will after his death expired in 1995. It seems obvious that the Troxels also assumed the property was Joanne's after Jack's death. There is no indication in the record that the Troxels took any action to assert their alleged ownership of the twenty-four acre parcel. They did not seek to open Jack's estate as intestate, which, if successful, would have made Kevin and Rick Troxel the undisputed fee simple owners of the property subject to Joanne's life estate in one-third of the parcel. Ind.Code § 29–1–2–1(c) (1998). Nor did they pay property taxes on the parcel, or take any action to remove Joanne from the property, or collect rent from Joanne.

Joanne continued to live in the marital residence until December 1996, when her home was destroyed by fire. Joanne filed a claim on her insurance policy and sought

a building permit to replace the residence. In the course of that process she learned for the first time that the twenty-four acre parcel was titled in Jack's name only.

On July 22, 1997, in order to have the title to the parcel transferred to her, Joanne filed her Petition for Probate of Will and Issuance of Letters. One week later, the St. Joseph Probate Court admitted Jack's will to probate. Joanne's petition acknowledged Indiana Code section 29-1-7-15.1(d), which states that a will shall not be probated unless the process is initiated within three years of the decedent's death. Despite the statute, the probate court admitted the will to probate and subsequently followed standard procedure, including publishing notices of administration.

A few weeks after the will was admitted to probate, on or about August 14, 1997, Kevin telephoned one of the attorneys representing the estate and asked about the administration of Jack's estate. He was sent a copy of the will on that day. Ten months later, on June 19, 1998, the probate court closed the estate and issued an Order on Final Account and Decree of Final Distribution and Discharge of Personal Representative. Pursuant to the terms of the will, all assets in the estate were transferred to Joanne. On August 7, 1998, the Troxels petitioned the probate court to reopen the estate and revoke the probate of the will on the ground that it was erroneously admitted to probate more than three years after Jack's death. Joanne responded with a motion to dismiss alleging that the petition failed to state a claim upon which relief could be granted under Indiana Trial Rule 12(B)(6).

The probate court issued a Memorandum of Law finding that, although it did not have the statutory authority to admit Jack's will to probate more than three years after his death, its decision was not void, but merely voidable. The probate court ruled that the probate of Jack's will could have been defeated by a timely will contest, but that the Troxels' petition to reopen the estate, filed more than five months after the will was admitted to probate, was an untimely will contest barred by Indiana Code section 29-1-7-17. Accordingly, the court granted Joanne's motion to dismiss.

After a motion to correct error was denied, the Troxels appealed. The Court of Appeals reversed the order dismissing the Troxels' petition, holding that "the probate order was barred as a matter of law when it was entered, and the petition to revoke that order should have been granted." *In re Estate of Troxel,* 720 N.E.2d 731, 736 (Ind.Ct.App.1999).

The probate court's decision to disallow the Troxels' petition to reopen the estate was based on Joanne's motion to dismiss under Indiana Trial Rule 12(B)(6). However, Joanne submitted two affidavits to the probate court in support of her motion to dismiss. By the terms of Rule 12(B)(6), where affidavits are "presented to" the trial court in support of a motion to dismiss for failure to state a claim, the trial court is to treat the motion as a motion under Rule 56 for summary judgment. In this case, no evidence was formally designated in the trial court because the motion was filed as a Rule 12 motion to dismiss, not as a Rule 56 motion for summary judgment. If a Rule 12 motion is accompanied by affidavits or other appropriate factual matters, the matters "presented" are treated as designated by the party. Ind. Trial Rule 12(C). The Troxels introduced no evidence to contest Joanne's assertions of fact. Shortly after Joanne's motion was filed, the Troxels acknowledged that her affidavits raised evidentiary issues and expressed a desire to respond. Although the trial court did not rule until three months after Joanne's motion, the Troxels never filed affidavits or any other evidence disputing Joanne's factual assertions. Therefore, the uncontroverted evidence before the trial court consisted of Joanne's two affidavits.

## Standard of Review

On appeal, the standard of review for a summary judgment motion is the same as that used in the trial court: summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Shell Oil Co. v. Lovold Co.*, 705 N.E.2d 981, 983–84 (Ind.1998). All facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Shell Oil*, 705 N.E.2d at 983–84. The review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993).

## I. Admission of Will to Probate

The Troxels make two interrelated arguments supporting their contention that the trial court erred when it denied their petition to reopen Jack's estate and revoke the order of probate. Jack's will was offered into probate more than three years after his death, in violation of Indiana Code Section 29–1–7–15.1(d). For that reason, the Troxels first argue that the probate court's orders to admit the will to probate and close the estate were void ab initio. The Court of Appeals agreed with this reasoning. *Troxel*, 720 N.E.2d at 735.

We agree with the Court of Appeals that the language of Indiana Code section 29–1–7–15.1(d) clearly and unambiguously bars the admission of wills to probate more than three years after death. However, we do not agree that where a probate court admits a will to probate in violation of the statute, the order is void ab initio. Some form of the statute of limitations for the probate of wills has been a part of

Indiana state and territorial laws since 1814. 1A *Henry's Probate Law & Practice* (1999). However, this is the first case in which the Indiana appellate courts have been confronted with the question of the proper remedy when a court erroneously admits a will to probate after the statutory time limit.

The Troxels rely on a 1968 opinion from the Court of Appeals to strengthen their contention that the probate court's order admitting Jack's will to probate was void ab initio. *In re Estate of Cameron* involved a holographic, unsigned, and unwitnessed codicil that the trial court had admitted to probate even though it did not meet the statutory requirements of a testamentary document. 142 Ind.App. 645, 236 N.E.2d 626 (1968). An opponent of the codicil filed objections to a nunc pro tunc order purporting to admit the codicil as of a date twenty months earlier.[1] The Court of Appeals excused the delay, following a California ruling that if an order admitting a will to probate is void on its face, it may be collaterally attacked at any time. The defect in *Cameron* was not in the jurisdiction of the court but in the nature of the document represented to be a codicil. On its face, the "codicil" did not constitute a testamentary document and therefore was a "nullity" or "void" as a purported disposition of the decedent's assets. *Cameron*, 142 Ind.App. at 652, 236 N.E.2d at 628.

Assuming without deciding that *Cameron* was correctly decided, it is not controlling here. The Troxels' argument assumes that on September 26, 1995, three years after Jack's death, his will became patently defective and therefore the order admitting it to probate was void. We do not

---

**1.** Although the Court of Appeals' opinion in *Cameron* includes few facts, a review of the record in that case reveals that the unsigned codicil was admitted to probate, along with the properly executed will of Alice Cameron, on May 17, 1965. The executor of the estate noticed two years later that the codicil had not been properly recorded by the court and

filed a motion to correct errors in 1967. In response, the probate court issued the nunc pro tunc order at issue in the case. The executor testified that George Coggeshall, the primary beneficiary under the will and the appellant in *Cameron*, read the codicil before it was filed in May 1965.

agree that the expiration of a statute of limitations creates a patent defect in an otherwise valid will. Statutory requirements regarding the form and content of wills and related instruments are designed to ensure that documents admitted to probate are valid and accurately represent the wishes of the decedent. Unlike the unsigned codicil in *Cameron,* Jack's will has no defect that casts doubt upon its testamentary validity and there is no dispute that the will represented Jack's wishes regarding the distribution of his property. Rather, the defect the Troxels assert is in the nature of a statute of limitations bar to probating the will. Statutes of limitations are affirmative defenses. Ind. Trial Rule 8(C). As such, they are waivable. *Id.* As heirs-at-law, the Troxels were clearly interested parties entitled to bring a will contest. They had a valid defense to the probate of Jack's will, but were under a time limitation of their own. Indiana Code section 19–1–7–17 requires objections to be filed within five months after a will is admitted to probate. This was not done and had the effect of waiving the statute of limitations. The purpose of this limitation, like the three-year period for probating a will, is to give finality to the decedent's affairs. Even if the initial probate was untimely, the matter can be put to rest only if there is an end to the time for objections to the untimely probate.

█ Second, the Troxels argue that an Indiana court has jurisdiction to admit to probate only those wills that comply with all relevant statutory requirements. By phrasing the claim in jurisdictional terms, the Troxels contend that the court's subsequent orders were void ab initio. Jurisdiction is comprised of three elements: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) jurisdiction of the particular case. *Browning v. Walters,* 620 N.E.2d 28, 31 (Ind.Ct. App.1993). The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particu-

lar case belongs. *DuShane v. DuShane,* 486 N.E.2d 1106, 1107 (Ind.Ct.App.1985). When a court lacks jurisdiction of the subject matter, its actions are void ab initio and have no effect whatsoever. Such judgments are incapable of confirmation or ratification. *Trook v. Lafayette Bank & Trust Co.,* 581 N.E.2d 941, 944 (Ind.Ct. App.1991), *trans. denied.* Lack of personal jurisdiction is also fatal and, in its absence, an order can be attacked at any time. *Stidham v. Whelchel,* 698 N.E.2d 1152, 1154–56 (Ind.1998).

The Troxels acknowledge that the St. Joseph Probate Court has subject matter jurisdiction over probate. There is no challenge to jurisdiction over the person of any of the parties. However, because probate law in Indiana is purely statutory, the Troxels contend that orders issued by a probate court in the absence of jurisdiction over a particular case are void ab initio. This argument leads to two questions: (1) did the expiration of the statute of limitations end the probate court's jurisdiction over the probate of Jack's will, and (2) if so, did that render the court's subsequent orders void or voidable?

The Troxels rely on *Cameron* and *Overpeck v. Dowd,* 173 Ind.App. 610, 364 N.E.2d 1043 (1977), for the proposition that the probate court lacked jurisdiction over Jack's will. We think neither case supports their argument. In *Cameron,* the Court of Appeals did not base its holding on the probate court's lack of jurisdiction. Rather, it found that the "codicil" was a non-testamentary document and therefore a void attempt to amend the will. *Cameron,* 142 Ind.App. at 645, 236 N.E.2d at 626.

*Overpeck* is a complicated case in which a series of estates had to be opened and settled before the owners of a particular parcel of land could be ascertained. As the probate court worked through a web of potential beneficiaries, it granted letters of administration for the estates of three sisters. Evidence later proved that none of the sisters had ever been residents of

Indiana, let alone the county in which probate was opened. Nor did any of the sisters own any assets in Indiana that would provide a basis for an ancillary administration. *See* Ind.Code §§ 29–2–1–1 to 12 (1998). In simple terms, title to the parcel of land in question had never vested in any of the sisters, and they had no assets in Indiana. The Court of Appeals held that an Indiana probate court lacks jurisdiction to commence estate proceedings where the decedent is neither a domicile of Indiana nor owns assets in Indiana. As a result, the orders regarding the three estates were void. The Court of Appeals did not specify whether the probate court lacked subject matter jurisdiction, personal jurisdiction, or jurisdiction over the particular case. However, it is clear that the probate court had neither personal jurisdiction over the three sisters nor in rem jurisdiction over their estates. Therefore, neither *Cameron* nor *Overpeck* supports the proposition that the probate court's order admitting Jack's will was void for lack of jurisdiction.

Indiana appellate courts have consistently held that a judgment rendered by a court without jurisdiction to hear that particular case is not void, but merely voidable. If not attacked in a timely manner, the jurisdictional defect is waived. *Trook,* 581 N.E.2d at 944; *DuShane,* 486 N.E.2d at 1107. The Troxels argue that this general principle should not be applied to this case because probate law is purely statutory. This does not seem to be a critical difference. But in any event, Indiana appellate courts have applied this principle to claims that arise purely from statute. *Estate of Goodwin v. Goodwin,* 721 N.E.2d 886, 890 (Ind.Ct.App.1999) (divorce court's nunc pro tunc dissolution order nine years after divorce was finalized was found to be voidable); *Chapman v. Skinner,* 466 N.E.2d 777, 779 (Ind.Ct.App.1984) (court that had issued divorce judgment had continuing jurisdiction over child custody decree; therefore different circuit court had no jurisdiction to entertain grandparents' petition for visitation rights.) We see no

reason to depart from this precedent and decline to carve out an exception to this rule for probate law.

We hold that the orders admitting Jack's will to probate and closing the estate were voidable because they violated Indiana Code section 29–1–7–15.1(d). The proper remedy to correct the probate court's order was the timely filing of a will contest. Whether the Troxels availed themselves of this remedy is discussed below.

## II. Will Contest

Under the Indiana Code section 29–1–7–17:

> Any interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within five (5) months after the date of the order admitting the will to probate by filing in the court the person's allegations in writing verified by affidavit, setting forth:
>
> (1) the unsoundness of mind of the testator;
>
> (2) the undue execution of the will;
>
> (3) that the will was executed under duress or was obtained by fraud; or
>
> (4) any other valid objection to the will's validity or the probate of the will.

The Troxels argue that their petition to reopen the estate of Jack Troxel, filed more than twelve months after the will was admitted to probate, was erroneously treated as a will contest by the probate court. Essentially, they make two alternative arguments. First, relying once more on *Cameron,* they argue that Jack's will had a patent defect and was therefore subject to collateral attack at any time. This argument relies on the idea that the probate court's orders were void ab initio. We have already rejected that contention.

Second, the Troxels contend that their petition was not a will contest governed by section 17. Their petition was not a will contest, argue the Troxels, because it was

an attempt to force the trial court to recognize a lack of jurisdiction over the will under Indiana Code section 19–1–7–15.1(d). We think this a distinction without a difference.

The language of the statute is clear and unambiguous: will contests may attack either the validity of a will or the admission of a will to probate. Certainly the Troxels' objection to the admission of a will to probate in violation of the statute of limitations falls under the fourth provision of the statute as an attempt to assert a "valid objection" to the probate of the will.

The Troxels assert that, notwithstanding the language of the statute, Indiana appellate courts have judicially limited a will contest action to an attack upon the validity of a will on the grounds of (1) lack of testamentary capacity or (2) undue execution. *Jarrett v. Ellis*, 193 Ind. 687, 687, 141 N.E. 627, 628 (1923); *Kenworthy v. Williams*, 5 Ind. 375, 377, 1854 WL 3219 (1854); *In re Estate of Parlock*, 486 N.E.2d 567, 569 (Ind.Ct.App.1985). These cases do not limit the statutory definition of a will contest. They simply summarize the substantive grounds for an attack upon the validity of a will where the admission to probate is procedurally valid. Indeed, several appellate decisions state that any attack on the validity of the probate of a will is subject to the requirements of section 17. *Fitch v. Maesch*, 690 N.E.2d 350, 352 (Ind.Ct.App.1998); *In re Estate of Niemiec*, 435 N.E.2d 999, 1001 (Ind.Ct.App.1982) ("Actions to contest the validity of a will or to resist a probate of a will must be filed within five months after the will has been offered for probate.").

In sum, the probate court correctly interpreted the Troxels' petition to reopen the estate as a will contest attacking the probate of Jack's will. The Indiana Code provides that interested parties have five months to file a will contest after a will has been admitted to probate. Ind.Code § 29–1–7–17 (1998). The Troxels did not file their petition until August 7, 1998, over twelve months after the will had been admitted to probate and almost two months after the estate was closed. This clearly exceeds the statutory time limit for will contests and the probate court correctly rejected their petition as untimely.

The Troxels contend that the probate court's dismissal of their petition imposes a burden on heirs-at-law to be "ever vigilant" to determine if a will has been admitted to probate so that they might object in a timely fashion. We do not agree. In the petition for the probate of a will, the personal representative must inform the court only of the name and residence of each of the persons named in the will so that the court may give them notice of probate. *Id.* § 29–1–7–5(2) (1998). But no notice is required to be given to those who would be intestate heirs if there is no will.[2] Thus, if Jack's will had been probated in a timely manner, the Troxels, as heirs-at-law not named in the will, would have no statutory right to notice. The statute puts the burden on interested parties to be on alert for three years to a potentially disinheriting probate. If a will is probated after that time, as here, notice by publication may well be inadequate to put interested parties on notice that their rights may be affected. Thus, we agree that the Troxels might have had a valid point if they had been unaware of Joanne's effort to probate the will.

This issue is not presented here, however. The Troxels had actual notice of the probate and allowed the five months to expire. They could have, but did not, invoke the three-years-from-date-of-death provision to bar probate. Not having done so they waived that objection. We leave for another day whether the passing of five months bars an interested person who has

---

2. For the view that Indiana's probate law is insufficiently protective of potentially disinherited heirs, see Kent A. Jeffirs, *Always the last to know: No notice is good notice to disinherited family members who may challenge the validity of a will*, 40 Res Gestae, Oct. 1996, at 27–30.

752

no actual notice of an untimely effort to probate a will. That day may never arrive, given that it took almost two centuries for the issue presented by the Troxels to arise.

### III.  Due Process Claim[3]

Finally, the Troxels claim that because Jack's will was not probated within the three-year statute of limitations set out in Indiana Code section 29–1–7–15.1(d), ownership of the twenty-four acre parcel passed to them via the Indiana intestacy statute, Indiana Code section 29–1–2–1. In other words, they argue that at the time of Jack's death, or, alternatively, when the three-year statute of limitations expired, the title to the property became vested in the Troxels as fee simple owners subject to Joanne's life estate in one-third of the parcel. Therefore, the Troxels claim that when the probate court erroneously admitted the will to probate and allowed Joanne to take title to the parcel, it deprived the Troxels of their property rights without due process of law. At the very least, the Troxels argue, due process required that the probate court directly notify them of the probate proceedings so that they could have an opportunity to object. We agree that this too would raise a substantial issue if it were presented. But the Troxels had actual notice of the proceedings. Any property rights they had could have been lost by default in a legal proceeding, and failure to present a timely will contest had that result. Moreover, despite having submitted two briefs to the probate court, the Troxels failed to raise the due process claim until their motion to correct error. A party may not raise an issue for the first time in a motion to correct error or on appeal. *Evans v. Tuttle by Tuttle*, 645 N.E.2d 1119, 1121 (Ind.Ct.App.1995).

### Conclusion

The judgment of the probate court is affirmed.

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

RUCKER, J., not participating.

---

**3.** The Court of Appeals did not reach this issue because it found in the Troxels' favor on other grounds.