## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 21 2019, 8:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cody Cogswell
Cogswell & Associates
Fishers, Indiana

ATTORNEY FOR APPELLEE

David W. Stone IV
Stone Law Office &
Legal Research
Anderson, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Robert Faulds,

*Appellant-Respondent,*

v.

Jennifer (Faulds) Lampke,

*Appellee-Petitioner*

May 21, 2019

Court of Appeals Case No.
18A-DR-2489

Appeal from the Madison Circuit Court

The Honorable G. George Pancol, Judge

Trial Court Cause No.
48C02-9903-DR-369

**Baker, Judge.**

Robert Faulds (Father) appeals the trial court's order vacating a previous order requiring that Jennifer Lampke (Mother) pay 50% of their daughter's college expenses. The trial court found that it did not have jurisdiction to consider Father's request for college expenses because he had never filed a written petition and that, accordingly, its original order was void. We agree with Father that this reasoning was faulty and that the original order should not have been voided. Therefore, we reverse and remand with instructions.

## Facts

This case has been here before. The underlying facts, as described by this Court in the first appeal, are as follows:

> Father and Mother were married on July 18, 1992. During the marriage, one child, T.F., was born on July 16, 1996. Mother filed a petition to dissolve the marriage on March 19, 1999. On November 29, 1999, the trial court entered its order of dissolution, awarding legal and physical custody of the minor child to Mother, with Father receiving reasonable parenting time. Father was ordered to pay child support in the amount of $105 per week.
>
> On October 26, 2011, Father filed a verified petition for emergency custody. By Order of November 4, 2011, the trial court modified custody, granting physical custody of T.F. to Father, with the parties to exercise joint legal custody. On February 3, 2012, the parties filed an Agreed Entry, which was adopted by the trial court, agreeing, in pertinent part, that:
>
>> 2. The parties agree, given Mother's current financial circumstances, that being the fact that she

is currently unemployed, that no support shall be ordered for the remainder of the 2012 calendar year.

3. In the event that Mother becomes employed before December 31, 2012, she shall immediately notify Father of her employment.

4. Mother agrees to produce verification of her income, i.e., W2's, 1099's, etc. to Father on or before January 30, 2013 to determine whether or not child support obligation should be modified at that time.

Mother did not submit verification of her income to Father pursuant to the Agreed Entry. On April 19, 2013, Mother filed her notice of intent to relocate to Kentucky, as well as a motion to modify parenting time. On June 26, 2013, Father filed a petition to establish child support retroactive to January 1, 2013. On July 30, 2013, the trial court granted Mother "all reasonable visitation" with T.F. with respect to her relocation. The trial court did not include a provision to cover the travel expenses related to the visitation. A praecipe for a hearing on child support was filed by Father on October 15, 2013, and again on January 29, 2015. On August 12, 2015, the trial court conducted a hearing on Father's petition to establish child support. During the hearing, Mother testified that

I have all my bank statements for the last since thirteen (13)[sic] to now [ ] with every documented time of me coming to Anderson and every bit of money that I spent on [T.F.] which includes food [ ] it includes clothing underwear garments personal care items shoes school supplies and prom all of her prom attire that she had for two proms [ ] plus [Father] was supposed to provide [ ] a intermediate

like meet me half way to expedite [ ] me seeing her and [ ] he didn't doesn't do that [ ] so I drive here so I have gas I have wear and tear on my car and I have expenses every time I come back and forth. [][I]f she comes to stay with me which she has on a number of occasions I go get her and I bring her straight back so I drive round trip six and a half hours to do that. . . . I bought her a tire for her car[.] . . . I have a list of monies that I have spent over the last two and a half years on [T.S.] and it's quite a bit [ ] because I do give her I provide her clothing and I provide her with school stuff I provided her with all of her prom stuff I spent nearly five to six hundred dollars ($600.00) on her prom things each month . . . I feel like I should be given credit for my parenting time I've had hotel expenses coming to stay here so I could see her overnight[.]

That same day, the trial court issued its findings of fact and conclusions thereon finding, in pertinent part,

> The [c]ourt finds that pursuant to the [A]greed [Entry] of 2012, the [c]ourt was to set support upon the Mother obtaining employment, which she did in January of 2013. The [c]ourt finds that based on the Mother's evidence that she was earning $74,000 a year in 2013 and 2014 and still employed as a nurse until June of 2015. The [c]ourt therefore bases the Mother's gross income on $74,000 per year divided by 52 weeks, which equals $1,423.10. The [c]ourt finds that the Father is on disability of approximately $2,000.00 per month divided by 4.3 weeks equals $465.12. The Mother shall pay $179.00 per week. This amount is retroactive to [the] first Friday in January of 2013, continuing through July 18th, 2015 when the parties' daughter

> reached the age of nineteen and was emancipated for the purposes of current support by law. The [c]ourt shows that is equals 132 weeks at the rate of $179.00 per week, for a total arrearage of $23,628.00.

> The [c]ourt does find that due to the fact that there has been no support entered for such a long period of time, that the [c]ourt will give Mother credit for the itemized payments she has made on behalf of the daughter. This leaves a total arrearage payable by the Mother to the Father in the sum of $8,709.25, which will be payable at a rate of $100.00 per week until Mother obtains new employment, at which time she is immediately [to] notify the [c]ourt and the [c]ourt will consider an adjustment as to the weekly amount to be paid.

*Faulds v. Faulds*, No. 48A02-1511-DR-1889 (Aug. 4, 2016) ("*Faulds I*") (internal citations omitted). Father appealed and this Court ruled in his favor, finding that the trial court erred by crediting Mother's child support arrearage for her occasional provision of food, gifts, and personal items during her parenting time. We reversed and remanded for further proceedings.

[3] In the August 2015 order evaluated by this Court in *Faulds I*, the trial court also addressed T.F.'s higher education expenses:

> On the issue of college expenses, the Court finds that the Mother will have no responsibility of college expenses for the school year 2014-2015. Going forward in 2015 on, the Father is to provide the Court with proof that the Twenty-First Century Scholarship does not cover room and board, at which time the Court will consider a weekly order requiring the Mother to assist to [sic] the

living expenses for daughter as long as she is a full time student in good standing.

Appellant's App. Vol. II p. 32-33. Father had not filed a petition seeking to have Mother contribute to T.F.'s higher education expenses, but it is apparent from the order that the issue was addressed at the hearing. And indeed, the transcript reveals that throughout the hearing, the parties discussed Mother's contribution to T.F.'s college expenses, with Mother agreeing that she would pay for part of it. Trial Tr. p. 5, 11, 28-29, 35.[1]

[4] Father provided the trial court with the requested information about the Twenty-First Century Scholarship. Thereafter, on March 4, 2016, the trial court ordered Mother to pay 50% of T.F.'s college expenses.

[5] On October 21, 2016, Mother filed a motion to modify the trial court's order requiring her to contribute to T.F.'s higher education expenses, arguing that T.F. had repudiated their relationship. Father objected to the motion to modify and requested attorney fees. On February 3, 2017, Mother filed a motion to void any order related to her contribution to higher education expenses, arguing that the original order was void because Father had not filed a request before T.F. reached the age of nineteen; Father objected. The parties continued to file

---

[1] Mother argues that Father has waived all arguments related to the higher education expenses because he failed to include the relevant transcript in the record on appeal. To the contrary, the transcript is included and reviewable by this Court; therefore, we find no waiver of these arguments. We also note that the transcript is not essential to our resolution of this appeal. Consequently, even if it had not been included, we would have reached the same result.

opposing motions, but the trial court took no action until October 2018. On October 8, 2018, the trial court entered an order granting Mother's motions "due to the fact that the Father did not meet statutory conditions as no petition for higher education expenses was timely filed." Appealed Order p. 1.

[6] The trial court has never ruled on Father's request for attorney fees. Mother has not paid any of the arrearage that this Court found she owes, nor has the trial court ordered her to do the same. Father filed a motion to correct error pointing out those omissions and arguing that the ruling on higher education expenses was erroneous; the trial court denied the motion. Father now appeals.

## Discussion and Decision

[7] Father raises three arguments on appeal: (1) the trial court erred by vacating the order requiring Mother to contribute to T.F.'s higher education expenses; (2) the trial court erred by failing to rule on Father's attorney fee request; and (3) the trial court erred by failing to issue an order consistent with *Faulds I* regarding the amount of Mother's child support arrearage.

## I. Higher Education Expenses

[8] Father argues that the trial court erroneously denied his motion to correct error. We will reverse a trial court's ruling on a motion to correct error if the decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Inman v. Inman*, 898 N.E.2d 1281, 1284 (Ind. Ct. App. 2009).

[9] Under Indiana law, there is no absolute duty on the part of parents to provide a college education for their children. *Hinesley-Petry v. Petry*, 894 N.E.2d 277, 280 (Ind. Ct. App. 2008). But trial courts are authorized to order either or both parents to contribute to their child's education to enforce the expectation that most families would encourage their qualified children to pursue a college education consistent with individual family values. *Id.* at 280-81.

[10] Relevant here is Indiana Code section 31-6-6-6, which provides timelines for a parent's request that the other parent contribute to their child's educational expenses:

> (c)    If a court has established a duty to support a child in a court order issued before July 1, 2012, the:
>
>> (1)    parent or guardian of the child; or
>>
>> (2)    child;
>
> may file a petition for educational needs until the child becomes twenty-one (21) years of age.

Here, the original order establishing a duty to support T.F. was issued on November 29, 1999. Therefore, a request for educational support must have been made by July 16, 2017, the date on which T.F. turned twenty-one.

[11] It is undisputed that Father has never filed a written petition for Mother to contribute to T.F.'s college expenses. The parties and the trial court have, however, repeatedly addressed it.

- On August 12, 2015, the trial court held a hearing on Father's petition to establish child support. While the petition did not mention college

expenses, the parties discussed it at the hearing and Mother agreed that she would pay a portion of those expenses. Trial Tr. p. 5, 11, 28-29, 35. Mother did not object to the issue being raised at this hearing.

- In the trial court's order issued following that hearing, it indicated that Mother did not have to contribute to expenses for the 2014-15 academic year, but that it would consider a weekly support order after Father provided information regarding T.F.'s scholarship. Mother did not appeal this order.

- On March 4, 2016, the trial court ordered Mother to pay 50% of T.F.'s college expenses. Mother did not appeal this order.

- Months later, on October 21, 2016, Mother filed a motion to *modify* the higher education expenses order, arguing that T.F. had repudiated their relationship.[2]

- Before the trial court ruled on that motion, on February 3, 2017, Mother filed another motion asking the trial court to void the higher education expenses order. For the first time, she argued that the original order was void because Father had not filed a written petition seeking an order that she contribute to T.F.'s college expenses.

[12] Mother argues that because Father failed to file a written petition, the March 4, 2016, order is void. Specifically, she maintains that without a written petition, the trial court did not have subject matter jurisdiction to hear the issue. Mother is mistaken. The question of subject matter jurisdiction "entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs." *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000). "*Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of

---

[2] Mother does not address repudiation on appeal, nor was this issue litigated below.

procedural defects as 'jurisdictional' misapprehends the concepts." *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006) (emphasis original).

[13]     Here, the trial court unquestionably has subject matter jurisdiction to hear all matters of modification of child support and higher education expenses pursuant to the Dissolution of Marriage Act. Ind. Code art. 31-15. The actual substantive argument that Mother is making is a procedural one—that the trial court erred by granting a request that had not been filed in writing. As such an error is capable of correction, the order was only voidable—not void—and Mother was required to lodge a timely objection or appeal raising the issue. *See In re Guardianship of A.J.A. and L.M.A.*, 991 N.E.2d 110, 115 (Ind. 2013) (noting that *K.S.* was about a procedural error that was capable of correction; therefore, the order was voidable and the appellant waived the argument by failing to object).

[14]     We will assume solely for argument's sake that Father was, indeed, required to file a written petition asking that Mother be ordered to contribute to T.F.'s college expenses and that making an oral request was insufficient to meet the requirements of Indiana Code section 31-6-6-6(c). Mother did not object to consideration of the issue at the August 2015 hearing, and even agreed that she would contribute a portion of the college expenses. When the trial court issued the order in March 2016 requiring Mother to pay 50% of T.F.'s college expenses, she did not file a motion to correct error or appeal the order. And when she first sought to modify the order, the basis of her argument was

repudiation of the relationship by T.F. rather than Father's failure to file a written petition.

[15]     It is readily apparent that Mother has waived this argument many times over. Therefore, the trial court erred by voiding the March 2016 order rendering her responsible for 50% of T.F.'s college expenses. We reverse and remand with instructions to calculate the amount of Mother's higher education expense arrearage and to enter an order requiring her to pay the same. The order must indicate that Mother will be required to continue to contribute 50% of T.F.'s college expenses until T.F. finishes college and/or Mother seeks to *modify* the order—prospectively, rather than retroactively—and the trial court agrees that modification is warranted.

## II. Attorney Fees

[16]     Next, Father argues that the trial court should have ruled on his request for attorney fees. We agree, and remand with instructions to consider and rule on the issue.

## III. Arrearage

[17]     Finally, Father alleges that Mother has not yet begun paying the $23,628 arrearage found by this Court in *Faulds I*. [3] That amount is not an ongoing child

---

[3] Mother argues that Father should raise this issue in "the prior appeal case," insisting that "that case" is the appropriate venue for the issue of her arrearage. Appellee's Br. p. 21. "That case" and "this case" are one and the same. All of these matters fall under their dissolution cause. Therefore, Father correctly raises this issue under that cause number.

support obligation but has instead been reduced to a judgment. We remand so that the parties and the trial court may proceed accordingly.

[18] The judgment of the trial court is reversed and remanded with instructions to (1) reinstate the March 2016 order requiring that Mother pay 50% of T.F.'s college expenses; (2) consider and rule on Father's attorney fee request; and (3) proceed regarding the $23,628 judgment against Mother.

May, J., and Tavitas, J., concur.